## UNITED STATES *v.* MICHEL.

## SAME *v.* KRIEGER.

Nos. 79 and 80. Argued January 28, 1931.—Decided February 24, 1931.

*Assistant Attorney General Youngquist,* with whom *Attorney General Mitchell* and *Messrs. Claude R. Branch, Sewall Key* and *John H. McEvers,* Special Assistants to the Attorney General, and *Erwin N. Griswold* were on the brief, for the United States.

*Mr. Donald Horne,* with whom *Mr. Mortimer J. Wohl* was on the brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

These actions were brought in the District Court for the Southern District of New York. Each respondent sued to recover income taxes incorrectly determined for 1919 and paid in 1920. On defendant's motion in the nature of a general demurrer that court dismissed. The Circuit Court of Appeals reversed. 37 F. (2d) 38.

The sole question is whether the actions were commenced within the time allowed by R. S., § 3226, as amended. 26 U. S. C., § 156.

In 1924, Michel on February 7; and Krieger on September 15, filed a claim for refund. The Commissioner of Internal Revenue by a letter dated August 17, 1925, advised Michel that his claim would be rejected and that the rejection would officially appear on the next schedule to be approved by him. The claim was rejected September 2. The Commissioner, April 2, 1925, sent a like letter to Krieger, and his claim was rejected April 20. The Commissioner did not give notice to either of them that his claim had been disallowed or of the date of disallowance until June 27, 1928. The suits were subsequently brought more than two years after the rejections and less than two years after the notices.

658

Section 3226 as amended provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue . . . No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax . . . unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

By this statute the United States waived its sovereign immunity from suit. The permission to sue is conditioned on the filing of a claim and the lapse of six months or the disallowance of the claim within that period, and is limited to not more than five years after payment of the tax unless the claim has been disallowed and the action is commenced within two years from the disallowance.

Neither of these claims was rejected within six months after filing. And in each case more than two years elapsed after rejection before the Commissioner sent notice that the claim had been disallowed. Neither action was commenced within five years after payment of the tax or within two years after disallowance of the claim. The taxpayers contend, and the Circuit Court of Appeals held, that the permission to sue continues for two years after notice that the claims had been disallowed and that therefore these actions were commenced within time.

As the Commissioner did not act within six months, permission to sue did not depend upon the rejection of

the claim or upon the giving of the notice. By the terms of the statute the period within which the Government consented to be sued commenced at the expiration of such six months and continued uninterruptedly through the five-year period following the date of payment and until " two years after the disallowance." While the statute declares that the Commissioner within a specified time shall notify the taxpayer that his claim has been disallowed, it is nowhere stated that the Commissioner's failure to give the notice will in any event operate to extend the time for bringing suit. An implication to that effect cannot prevail against the rule expressly stated. It is clear that where the Commissioner renders no decision within six months the section contemplates that before commencing his suit the taxpayer will ascertain by inquiry whether the Commissioner has acted. This at least suggests that it may be the intention of the Act to leave a like burden upon claimants in all cases.

Provisions in tax laws limiting the time within which the United States may enforce the payment of taxes by distraint or suit are to be interpreted liberally in favor of the taxpayers. *Bowers* v. *N. Y. & Albany Co.,* 273 U. S. 346. *United States* v. *Updike,* 281 U. S. 489. But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued. *Eastern Transp. Co.* v. *United States,* 272 U. S. 675, 686. *Price* v. *United States,* 174 U. S. 373, 375–376. There is nothing in the legislative history of the provision to indicate an intention that the two-year period should not commence upon the disallowance of the claim or that it should be extended by the failure of the Commissioner to give the specified notice.*

---

* Senate Report No. 1137, 67th Congress, 4th Session, p. 5. House Report No. 1757, 67th Congress, 4th Session, p. 3.

Having regard to the rule of strict construction to be applied to waivers by the United States of its sovereign immunity from suit, the clause reasonably may be read merely as a direction to the Commissioner to send the notice to claimant without making the failure so to do have the effect of enlarging the period for suing as otherwise definitely prescribed.

The permission to each of the plaintiffs to bring suit expired two years after his claim was disallowed.

*Judgments reversed.*