## DYSART v. UNITED STATES.
### No. 7976.

District Court, E. D. Missouri, E. D.
Dec. 5, 1936.

Charles Morsey and Howard G. Cook, both of St. Louis, Mo., for plaintiff.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Arthur H. Kent, Acting Chief Counsel, Bureau of Internal Revenue, and F. F. Korell, Sp. Atty., Bureau of Internal Revenue counsel, both of Washington, D. C., for the United States.

DAVIS, District Judge.

This is an action to recover an alleged over payment of estate taxes. The action was filed on August 2, 1927, by the executors of the estate of Alexander H. Handlan, deceased. On November 5, 1935, Thomas N. Dysart, trustee under the will of Alexander H. Handlan, was substituted as the plaintiff. The parties waived a jury and the cause was submitted to the court.

Findings of Fact.

I. On May 28, 1921, Alexander H. Handlan, a resident of the city of St. Louis, Mo., died testate in said city. At the time of his death said Alexander H. Handlan left a will, which, after providing for the payment of certain specific legacies, directed that all of the rest, residue, and remainder of his estate should be turned over and delivered to his sons, Eugene W. Handlan, Alexander H. Handlan, Jr., and Edward R. Handlan, in trust for certain specific purposes named in said will. Said trust was to continue for a period of twenty years.

II. On May 31, 1921, the probate court of the city of St. Louis, state of Missouri, admitted the decedent's will, dated April 27, 1920, to probate, and appointed E. W. Handlan, A. H. Handlan, Jr., and Edward R. Handlan to be the executors thereof. Said executors duly qualified and they have never been discharged as such. During the month of September, 1932, they turned over to themselves, as trustees of the trust created under the decedent's will, the assets of the decedent's estate; that included in the list of the assets for which they, as trustees, receipted to themselves as executors, was the claim or right that is involved in this action; that thereafter they continued to act as trustees of said trust until July 25, 1934, in which said last-mentioned date the circuit court of the city of St. Louis, Mo., in the case of Lillian Handlan Lemp, Plaintiff, v. Alexander H. Handlan et al., Defendants, No. 185292, made and entered an order and decree, by the terms of which the above-named trustees were removed and directed to turn over all of the assets of the decedent's es-

tate to Thomas N. Dysart, as trustee, including an assignment of the claim or right that is in suit; that pursuant to said order said trustees did turn over to Thomas N. Dysart, trustee, all of the assets belonging to said trust estate.

III. The following is a list of decedent's widow, children, and relatives who survived his death, and at the date of probate of his will were his heirs at law, legatees, and beneficiaries, to wit:

The additional tax of $30,209.75 was caused, as stated in said letter of May 12, 1923, and in the letter of the Commissioner under date of August 19, 1925, by the following:

The Commissioner of Internal Revenue determined that 1,550 shares of the capital stock of the Handlan-Buck Manufacturing Company of the value of $310,000 was property transferred by the testator during his lifetime, and that said transfer was

| Name | Relationship | Address |
| --- | --- | --- |
| Mrs. Millie A. Handlan | Widow | Chase Apartment, St. Louis, Mo. |
| Eugene W. Handlan | Son | Chase Apartment, St. Louis, Mo. |
| Alexander H. Handlan, Jr. | Son | 4323 McPherson, St. Louis, Mo. |
| Edward R. Handlan | Son | 3683 Olive St., St. Louis, Mo. |
| Vella H. Bisbee | Daughter | Kansas City, Mo. |
| Lillian H. Lemp | Daughter | Statler Hotel, St. Louis, Mo. |
| Marie H. Hornsby | Daughter | Joplin, Mo. |
| Kathryn Marie Handlan Trautz | Granddaughter | Chase Apartment, St. Louis, Mo. |
| John J. Handlan | Brother | Bourbon, Mo. |
| Regina H. Shaw | Cousin | 6016 Maple Ave., St. Louis, Mo. |
| Eugene Young Handlan | Brother | 1841 Grasmere St., East Cleveland, Ohio. |

IV. On May 27, 1922, the executors of the decedent's will filed a federal estate tax return, Form 706, for the estate of Alexander H. Handlan, deceased, with the collector of internal revenue at St. Louis, Mo. The return showed a gross estate of $833,993.68, deductions aggregating $141,720.81, and a net estate subject to federal estate tax upon the transfer thereof of $692,272.87. The tax upon the transfer of the net estate amounted to $28,036.37, and a sum equal to said tax was paid by the executors to the collector of internal revenue at St. Louis, Mo., on November 27, 1922.

V. On May 12, 1923, the Commissioner of Internal Revenue notified the executors, by letter of that date, that an investigation disclosed a total federal estate tax liability of $58,246.12, or a deficiency or additional tax in excess of the tax reported in the return of $30,209.75; $3.47 of this amount was subsequently abated. The deficiency or additional tax, less the sum of $3.47 abated, was paid by the executors to the collector of internal revenue at St. Louis, Mo., as follows, to wit:

June 13, 1923................... $ 2,409.22
November 23, 1923............ 27,797.06
Interest ...................... 1,240.64
————
Total payments upon
  tax and interest      $31,446.92

made to take effect in possession or enjoyment after death, and that the value of the property transferred was properly included as a part of the gross estate.

The item of real estate returned by the executors was increased from $392,172.40 to $438,176.40.

The item of $20,000, administration expense for executors' fees, the letter of May 12, 1923, contained this statement: "No deduction is made of the amount claimed for executors' commissions, as it appears that payment had not been made at the time this estate was under investigation."

VI. On June 30, 1924, the executors filed a claim for refund of $27,318.26 with the collector of internal revenue at St. Louis, Mo., which contains the following assignment of error, to wit:

"The Executors base their claim for refund in this case upon the following facts:

"Alexander H. Handlan died May 28, 1921. The Executors duly made their return on Form 706 and paid the tax shown to be due thereby. On Schedule E of Form 706 the Executors showed among other things that in February, 1917, the deceased transferred to his three sons, who are the Executors, a total of 1550 shares of the Capital Stock of Handlan-Buck Manufacturing Company, but the Executors did not include the value of this

stock in the gross estate as it was the view of the Executors that the transfer of the stock was not made in contemplation of death, nor was it intended to take effect at or after death.

"On review and audit of the return on Form 706, the Department included the stock in the gross estate, appraised the stock at $200.00 per share, and assessed an additional tax on account thereof.

"Thereafter a claim for abatement was filed whereby it was claimed among other things that the estate was entitled to a deduction in the sum of $25,000.00 on account of Executors' fees and commissions. By 'a Statement II attached to the Claim for Abatement it was shown that the amount of the Executors' commissions had not been paid. At the hearing on the claim for Abatement the representatives of the Department stated that when the amount of the commissions was determined and the commissions were paid, the claim for refund based upon the amount of the payment would be entertained by the Department.

*"The Executors' commissions have not yet been determined or paid, and the Executors respectfully reserve the right to file further claim for refund after the payment of the commissions.*

"By the claim for abatement it was further claimed that the Department had erred in including the 1550 shares of stock of the Handlan-Buck Manufacturing company in the gross estate for the reason that the deceased made complete and irrevocable gifts of this stock to his sons more than four years prior to his death, and because these gifts were made in contemplation of, nor were they intended to take effect at or after death.

"In passing on the claim for abatement the Commissioner in his letter of November 17, 1923, said:

" 'The evidence in the case discloses that after the decedent had transferred the 1550 shares of the stock in the Handlan-Buck Mfg. Co., all the dividends declared thereon were paid to him until his death. Under these circumstances, the Bureau is of the opinion that the transfers were intended to take effect at or after decedent's death, and are taxable.'

"The Commissioner by said letter fixed the value of the 1550 shares of stock in question at $310,000.00. He determined the gross estate to be $1,189,293.65, the net

estate to be $1,067,426.52, and the total tax to be $58,242.65. The Commissioner assessed an additional tax which the Executors paid under protest on November 23, 1923.

"It is the position of the Executors that the 1550 shares of stock valued at $310,000.00 should be excluded from the gross estate, and that upon this being done the gross estate should be determined to be $879,293.65 and the net estate $757,426.52, the total tax upon which should be $32,-094.12.

"As a result of the inclusion of the 1550 shares of stock in the gross estate, the Executors have been compelled to pay a tax of $26,148.53 with interest thereon from June 16th to November 23rd at the rate of 10% per annum, which interest amounts to $1,169.73, the total of said tax and interest being $27,318.26. The Executors allege that this amount has been collected without legal authority, and therefore present this their claim for refund. Having made specific protest at the time of payment and having paid under protest setting forth in detail the basis of and reasons for such protest, the Executors further ask that they be paid interest upon the total amount of the refund at the rate of ½ of 1% per month from November 23, 1923 the date of payment, to the date of allowance of this claim.

"The laws of Missouri impose an inheritance tax upon the property of a decedent and provide for the appraisement of the estate by an appraiser appointed by the Probate Court. After the death of Alexander H. Handlan the Probate Court of St. Louis, Missouri, being the Court in which his will was probated and which had jurisdiction of his estate, appointed the Honorable Edwin W. Lee, a lawyer and former Judge of the Circuit Court of the City of St. Louis, as the appraiser of his estate. In considering the question of the taxability of these gifts of stock, said appraiser held a hearing at which each of the Executors was sworn and examined as a witness. A copy of this testimony is already on file with the Department as Exhibit A attached to the claim for abatement. We likewise attach a copy here, marked Exhibit A, and hereby made a part of this claim for refund. A copy of the opinion of the appraiser in which he held that the stock was not subject to the Missouri Inheritance Tax and which also is on file as Exhibit B to the claim for

abatement, is hereto attached marked Exhibit B and made a part of this claim for refund.

"A certificate of the Probate Court of the City of St. Louis showing that the appointment of the Executors remain in full force and effect is hereto attached and marked Exhibit C.

"A copy of the protest filed by the Executors at the time of payment of the tax is hereto attached and marked Exhibit D.

"*It is respectfully submitted that the Bureau is in error in holding that the transfers were intended to take effect at or after decedent's death, that the sum of $27,318.26 has been collected without legal authority, and together with interest should be refunded to the Executors.*

"The Executors respectfully request that they be allowed a hearing before the Solicitor of the Department on the legal points involved in this claim for refund."

VII. On August 19, 1925, the Commissioner of Internal Revenue notified the executors by letter mailed to them on that date that their claim for refund was rejected.

Said letter was as follows:

"The Bureau has examined the claim, filed by you on behalf of the above-named estate, for refund of $27,318.26, Federal Estate Tax paid under the Revenue Act of 1918.

"The protest is based upon the inclusion in the gross estate of the value of property transferred by the decedent during his lifetime. The item protested, together with the amount returned and adjusted, is as follows:

| Stocks and Bonds | Returned | Adjusted |
|---|---|---|
| 1,550 shares Handlan-Buck Manufacturing Company | $0.00 | $310,000.00 |

"This item was included in the gross estate on review in the amount of $310,000. It appears that the decedent transferred the stock to his sons, but continued to receive the income until his death. He also acted as President of the company and drew an annual salary although he had no other stock in the company. The Bureau has considered the evidence carefully and is of the opinion that the transfer was made to take effect in possession or enjoyment at or after death, and the value of the property transferred was properly included in the gross estate.

"In view of the foregoing, your claim for refund of $27,318.26 is rejected in its entirety."

VIII. On January 4, 1932, the Supreme Court of the State of Missouri decided that the 1,550 shares of capital stock of the Handlan-Buck Manufacturing Company belonged to the estate of Alexander H. Handlan.

IX. Arnold J. Hellmich, the collector of internal revenue at the time of the payment of the taxes herein mentioned, is not now in office as collector of internal revenue, and was not in office at the time this suit was brought.

### Comment.

■ The timely filing of a claim for refund is a prerequisite to the institution of a suit to recover taxes improperly assessed and collected. United States v. Felt & Tarrant Manufacturing Company, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Moses et al. v. United States (C.C.A.) 61 F.(2d) 791; United States v. Michel, 282 U.S. 656, 657, 51 S.Ct. 284, 75 L.Ed. 598; 26 U.S.C.A. §§ 1672–1673.

■■ A claim for a refund need take on no particular form, and is not to be adjudged insufficient because it does not conform to the rules applicable in the construction of a pleading. But a claim for refund which the statute makes the prerequisite to a suit relates to the claim which the taxpayer proposes to be made the basis of the suit. The claim for refund should inform the Commissioner of the amount and nature of the demand that is being made for the return of money that it is alleged was improperly collected. United States v. Felt & Tarrant Manufacturing Company, supra.

■ The claim for refund filed by the executors in this case on June 30, 1924, was based upon the action of the Commissioner in treating, 1,550 shares of stock of the Handlan-Buck Manufacturing Company as a part of the gross estate. That was said to have been an error and a claim was asserted on that account. It has been judicially determined that the stock was an asset of the estate and this matter is not an issue in this suit. The failure to grant deduction on account of the executors' commissions is involved in this action, and as

928

to that the claim for refund filed expressly excluded that item from consideration by stating that, "The Executors reserve the right to file a further claim for refund after the payment of the commissions." This claim for refund did not direct the attention of the Commissioner to the demand made in this suit and hence is insufficient to warrant the maintenance of this action.

In this respect, the case differs from *Bull v. United States*, 295 U.S. 247, 55 S. Ct. 695, 79 L.Ed. 1421, where a proper and timely claim for refund was presented.

The plaintiff filed a claim for refund relating to the inclusion of Missouri real estate on December 19, 1934. This was eleven years after the payment of the tax, and nine years after the rejection of the prior claim for refund filed by the executors on June 30, 1924. Plaintiff does not rely upon this belated filing of a claim for refund in this action, as we understand his position.

### Conclusions of Law.

I. The claim for refund filed by the executors on June 30, 1924, is based upon a single specification of error, namely, "that the Bureau is in error in holding that the transfers were intended to take effect at or after decedent's death."

II. The claim for error assigned in the executors' claim for refund was decided adversely to the claimants' contention by the Supreme Court of the State of Missouri and the decision of that court is binding and conclusive with respect to said issue upon this court.

III. The defendant is entitled to a judgment dismissing the plaintiffs' action and for its costs and disbursements herein.

### Ruling on Motions Filed.

I. Defendant's conclusion of law No. I is refused, and defendant allowed an exception.

II. Defendant's objections to plaintiff's request for findings of fact and conclusions of law sustained and plaintiff allowed an exception.

III. Plaintiff's motion for judgment overruled, and defendants motion for judgment sustained, and plaintiff allowed an exception.

IV. Plaintiff is also allowed an exception to each of the findings of fact and conclusions of law made and stated by the court.