**UNITED STATES v. DURRANCE et al.**

**No. 8821.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 18, 1939.

FOSTER, Circuit Judge, dissenting.

———◆———

M. W. Hibschman, Atty., Department of Justice, of Washington, D. C., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., for appellant.

Fred S. Rizk and Charles J. Regero, both of Jacksonville, Fla., for appellees.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This was a suit to recover damages in the sum of $5,000 for the wrongful death of appellee's father and mother. It was instituted in the court below under a private act, entitled An Act for the Relief of Evanell Durrance, approved June 26, 1936 (49 Stat. 2366). From a judgment against it for $4,383.68, entered upon the verdict of a jury, the United States prosecuted this appeal.

The enactment, upon the construction of which our decision depends, is as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That jurisdiction is hereby conferred upon the United States District Court for the Southern District of Florida to hear, determine, and

render judgment, as if the United States were suable in tort, upon the claim of Evanell Durrance, of Jacksonville, Florida, for damages resulting from the death of her parents, Samuel E. Townsend and Elizabeth Townsend, who were killed in a collision between an automobile in which they were passengers and a truck owned by the Department of Agriculture, the same having occurred a short distance east of Greenville, Madison County, Florida, on November 9, 1930: Provided, That the judgment rendered against the United States, if any, shall not exceed the sum of $5,000."

■ On November 9, 1930, the father and mother of appellee were killed in the state of Florida when their coupe collided with a truck which had been parked by an employee of the Department of Agriculture one foot off of the pavement of a public highway of said state. Appellee was their only child. She was an adult, married, did not live with her parents, and was not dependent upon them for support at the time they were killed. Therefore, she was not entitled to recover damages for their wrongful death, either at common law or under the Florida statutes. Secs. 7047 and 7048 of the Compiled General Laws of Florida, 1927. See, also, Duval v. Hunt, 34 Fla. 85, 15 So. 876; Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 So. 246; Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557; Self v. Sinclair Refining Co., 5 Cir., 69 F.2d 948.

■ Conceding that, under the facts in evidence, there could be no recovery if the suit were one between private parties, the appellee insists that the private act, above quoted, created in her a right of action for the death of her parents. We do not think this was the intention of Congress. It used no words to indicate it. The language of the act merely conferred jurisdiction upon the court below to hear, determine, and render judgment as if the United States were suable in tort. The effect of the act was to waive appellant's sovereign immunity from suit for the alleged tort. It did not enlarge the liability of the United States over that of a private party defendant in similar circumstances. It was the intention of Congress to provide a judicial forum to which appellee might resort for the determination of her claim as if the suit were between private parties.

■ An action against the United States may be maintained only by its permission, and a statute dealing with the relaxation of sovereign immunity from suit must be strictly construed. Governmental liability should not be extended beyond the plain language of a statute authorizing it. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States, 174 U.S. 373, 19 S.Ct. 765, 43 L.Ed. 1011; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633.

■ If the Florida statutes are not applicable to determine liability in this case, we are at a loss to know where to look to find the controlling principles. At common law, damages were not recoverable by anyone for the death of a human being. See Higgins v. Butcher, Noy 18, Yelv. 89, which arose in the King's Bench in 1606. The adoption of Lord Campbell's Act in 1846 (9 and 10 Victoria, c. 93), giving an action to the executor for the use of the wife, husband, parent, or child, preceded the enactment of substantially similar statutes in the United States. The remedy is now available by statute in some form in every state. Tiffany, Death by Wrongful Act, pp. XVIII to XLIII. Therefore, in cases like this, the right of recovery is entirely dependent upon statutory law.

■ The above act is entirely ineffective unless a statutory right is given. No federal statute is applicable, and it is unreasonable to think that Congress intended the statute of any state other than Florida to apply. The remedy is restricted to the United States Court for the Southern District of Florida, and the right is the same as if the United States were suable in tort. Therefore, it is reasonable to conclude that the right available is such as may be given by the law of the state in which the alleged tort was committed. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge (dissenting).

The Act of June 26, 1936, quoted in the majority opinion, is plain and unambiguous. In my opinion it creates a right of action in tort in this particular case as

distinguished from a right of action in contract theretofore provided by general statutes. The law of Florida creates a right of action for the recovery of damages for death by wrongful act but authority to sue is vested in the administrator and not in the heirs. The decision of the majority is based mainly on this point. That is immaterial. In adopting legislation within its province Congress is not bound by state statutes and they are superseded. Congress could have created a right of action against the United States regardless of whether a similar right of action against an individual existed under the laws of the state where the accident occurred. Cf. St. Louis, Iron Mountain & S. R. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160; Second Employers' Liability Cases, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44. The special act vests the right of action in Evanell Durrance and not in the administrator of the deceased. Of course, it was left to the jury to say whether the United States was guilty of negligence and to fix the damages but the right of plaintiff (appellee) to recover on producing satisfactory proof on these points was absolute. Under the interpretation of the majority the statute is entirely nullified.

For these reasons I respectfully dissent.