## CARTER v. FARMERS UNDERWRITERS ASS'N.

### No. 9222.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1940.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., Sewall Key, John A. Gage, and George H. Zietzius, Sp. Assts. to Atty. Gen., and Wm. Fleet Palmer, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellant.

Joseph D. Brady and Arch R. Tuthill, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges

STEPHENS, Circuit Judge.

Suit to recover capital stock taxes paid by taxpayer for the fiscal year ending June 30, 1933, under Section 215 (a) of the National Industrial Recovery Act, 48 Stat. 207. It is conceded that the taxes were in fact overpaid by $480, but appellant contends that action to recover the overpayment was barred by Section 3226 of the Revised Statutes, as amended, Revenue Act 1932, § 1103, 26 U.S.C.A. Int.Rev.Acts, page 652. This is the sole question involved in this appeal.

Section 3226 provides, so far as here applicable: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue * *. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, *nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."* [Emphasis supplied.]

On September 29, 1933, the taxpayer filed with the Collector of Internal Revenue at Los Angeles its claim for refund. No question is made as to the sufficiency of this claim. On February 23, 1934, the Commissioner of Internal Revenue mailed by registered mail to the taxpayer a letter dated February 23, 1934, reading in part as follows:

"Consideration has been given to your claim on Form 843 filed September 29, 1933, for the refund of $480.00 capital stock tax for the taxable year ended June 30, 1933, based on the tax liability shown on your amended return.

\* \* \*

"As the return filed on August 15, 1933, is obviously your 'first return under this section' to allow the claim for refund would effect an amendment of the value declared in the first return which is specifically prohibited by the statute.

*"The claim is therefore rejected."* [Emphasis supplied.]

The above letter was received by the taxpayer at Los Angeles, California, on February 27, 1934.

On February 28, 1934, the taxpayer mailed to the Commissioner a letter dated the same day, reading in part as follows:

"Reference is made to your letter of February 23, 1934, symbols as above addressed to this corporation, rejecting claim for refund of $480.00 capital stock tax for the taxable year ending June 30, 1933.

"We respectfully submit that the proposed rejection is not only contrary to considerations of fairness and equity but, furthermore, is out of harmony with the reasoning underlying the decision in * * *.

"The amount here involved, $480.00, is too small to justify this taxpayer in bringing a suit, thereby adding to the congestion and the labors of our United States courts, the judges of which are already overburdened.

"There must certainly be other cases somewhat similar to this, in one of which the question may be tested in the courts. Assuming a decision in favor of the taxpayer in such a suit, may we arrange so that our claim can be reopened and allowed?

"In view of the general importance of the question, may we not ask that our claim for refund, together with this letter and all pertinent papers, be referred to the General Counsel for the Bureau with the request that the question be thoroughly considered by him?"

On February 28, 1934, the Commissioner of Internal Revenue signed rejection schedule Number ST-Rej. 3399, on which the taxpayer's aforesaid claim for refund, dated September 29, 1933, was listed.

On May 5, 1934, the Acting Deputy Commissioner mailed to the taxpayer a letter, reading in part:

"Receipt is acknowledged of your letter dated February 28, 1934, in which you re-

quest to be advised whether your claim for the refund of $480.00, which was rejected in Bureau letter of February 23, 1934, may be reopened and allowed in the event a decision is rendered in favor of a taxpayer in a suit wherein a similar situation is involved.

"In reply you are advised that Treasury Decision 4235, paragraph III, provides that any claim which has been disallowed will be reconsidered and allowed, at any time prior to the expiration of the statute of limitations for bringing suit, if it clearly appears that the claim should be allowed on its merits. No reopening or application for reopening will extend the period within which suit must be brought, nor will a reconsideration of a claim be considered as a reopening.

* * *

"It is noted you request that this particular case be referred to the General Counsel of the Bureau. However, this particular question is well settled in so far as the Bureau is concerned, and it is not the practice of this office to refer previously decided questions to the General Counsel."

Suit to recover the tax was instituted on April 30, 1936, more than two years after the first letter from the Commissioner to the taxpayer, dated February 23, 1934, but less than two years after the letter last above quoted from.

The trial judge found from the above facts that: "No notice of disallowance of plaintiff's refund claim was mailed by the Commissioner to plaintiff until May 5, 1934" [the date of the second letter], and that the action was therefore not barred by the provisions of Section 3226.

It is the theory of the appellee and of the trial court that the claim was not actually disallowed until February 28, 1934, when the Commissioner signed the rejection schedule, and that therefore a letter from the Commissioner dated February 23, 1934, five days prior to "actual disallowance" cannot constitute a "notice of disallowance" as required by the Statute.

██ This theory, however, assumes as a fact that a claim cannot be regarded as disallowed until the rejection schedule has been signed by the Commissioner. We find no support for this premise. Appellee quotes from cases purportedly holding that where a rejection schedule is signed by the Commissioner, the date of signing must be taken as the date of disallowance.

An examination of the cited cases, however, discloses that they were brought under Section 3226 of the Revised Statutes as it existed prior to the June 6, 1932, amendment, Rev.Act of 1926, § 1113, 26 U.S.C.A. Int.Rev.Acts, page 324. At that time the provision was that claims for refund must be filed within five years from the date of payment of the tax or *within two years after the date of disallowance of the claim.* Confusion resulted in the construction of the Statute, as to just when the disallowance occurred. In some cases no rejection schedule was signed, and there the courts held that the two year period of limitation commenced to run on the date of mailing of notice of disallowance. United States ex rel. Clifton Mfg. Co. v. Burnet, 61 App.D.C. 275, 61 F.2d 916, certiorari denied 289 U.S. 725, 53 S.Ct. 523, 77 L. Ed. 1475. In cases where the Commissioner did sign a rejection schedule, it was held that the two year period started to run from the date the schedule was signed. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Savannah Bank & Trust Co. v. United States, Ct.Cl., 58 F. 2d 1068.

It was to avoid this confusion that the Statute was amended to provide for a definite starting point for the running of the Statute.

██ It must be borne in mind that it is well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued. United States v. Michel, supra, 282 U.S. at page 659, 51 S.Ct. 284, 75 L.Ed. 598, and cases there cited.

The Statute as amended is clear and definite—the period of limitations starts to run from the date of mailing notice of rejection. There is no requirement whatsoever that the Commissioner sign a rejection schedule.

The letter dated February 23, 1934, advised the taxpayer in no uncertain terms that his claim was rejected. It fulfilled the requirements of the statute, and we therefore hold that the decision of the District Court that the claim was not barred by Section 3226 is erroneous.

Reversed and remanded with instructions to dismiss the complaint.