CANADIAN AVIATOR, Limited, v. UNITED STATES.

No. 206–a.

District Court, D. New Jersey.

April 16, 1943.

Burlingham, Veeder, Clark & Hupper, by Eugene Underwood, all of New York City, for libellant.

Charles M. Phillips, U.S. Atty., of Trenton, N.J., by Harold B. Finn, Sp. Asst. to Atty. Gen., for respondent.

SMITH, District Judge.

This is a suit in admiralty under the Public Vessels Act of 1925, 46 U.S.C.A. §§ 781–790, and is before the Court at this time on exceptions to the libel filed by the respondent. It is urged in support of the exceptions that the libel fails to state a cause of action cognizable under the said Act. The determination of the question presented, which appears to be one of novel impression, requires a construction of the pertinent provision of the Act, 46 U.S.C.A. § 781, which reads as follows: "A libel in personam in admiralty may be brought against the United States * * * for damages caused by a public vessel of the United States, * * *."

It is well established that the United States may not be sued without its consent, and where, as here, the sovereign immunity is waived by statute, the statute must be strictly construed. The waiver of immunity may not be extended by implication beyond the clear import of the language of the statute. United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Eastern Transp. Co. v. United States, 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; United States v. Clyde-Mallory Lines, 5 Cir., 127 F.2d 569; United States v. Petroleum Nav. Co., 2 Cir., 109 F.2d 699. The cause in which the statute is invoked must be clearly within its provisions. Ibid.

The facts upon which the present cause of action is founded are recited in the third [1] paragraph of the libel. The specific acts of negligence of which the libellant complains, which are stated in the fourth paragraph of the libel, although charged against the vessel and "those in charge of her", are chargeable against only "those in charge of her." It seems reasonably clear from the allegations of the libel that the accident was caused, not by the negligent operation of the vessel, but by the personal and independent negligence of its officers. The vessel was not the proximate cause of the accident; it was not the efficient cause.

[1] The steamer A, following a route fixed by orders from the U. S. Naval authorities, passed along a channel of an estuary where she was preceded by a coastal patrol vessel, which she was ordered to follow. While so following the patrol vessel, the A struck a submerged wreck and sustained damage.

The facts of the instant case are comparable to, although not identical with, the facts in the case of The Sarnia, 2 Cir., 261 F. 900, 901, in which Judge Hough said: "The tug Palmer [here the patrol] committed no fault, and when Barrett furnished the Sarnia with a pilot in the person of Capt. Slauer, he did not thereby promise a maritime lien on his tug for whatever errors Capt. Slauer might commit while standing on the Sarnia's bridge and navigating that steamer with her own steam." In the instant case the officers of the patrol rendered nothing more than a "pilotage" service, and whether they stood on the bridge of the A or on the bridge of their own vessel is immaterial.

It is the opinion of the Court that the right under the Act to maintain a suit against the United States arises only where the public vessel is the proximate cause of the damage. The interpretation urged by the libellant would impose on the United States a liability for the negligence of its employees and officers, a liability which it has not assumed.

The exceptions to the libel are sustained and the libel is dismissed.