**BEST BUTTER CO. v. UNITED STATES.**

Nos. 44008, 45764.

Court of Claims.

Jan. 3, 1944.

David J. Shorb and Earle W. Wallick, both of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

■ The facts which are pertinent and necessary to the decision of the questions presented are set forth in the findings. The issues have already been stated hereinbefore. It is not deemed necessary to discuss the conflicting testimony of plaintiff's and defendant's witnesses. It is sufficient here to say that the butter involved and which the defendant taxed as adulterated is butter which had been first manufactured by others and purchased by plaintiff wholesale and subsequently rechurned or reworked in churns. The evidence of plaintiff and that of defendant is conflicting on the question of whether plaintiff manufactured adulterated butter within the meaning of Sections 2320 and 2322, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 2320, 2322, but the greater weight of the evidence of record establishes to our entire satisfaction that plaintiff did manufacture adulterated butter during the taxable periods involved and that it engaged in so doing as a business by adding water to the butter in the process of rechurning or reworking the butter in churns.

Everyone agrees that the rechurning or reworking of butter in churns without the placing of water in the churns in the rechurning or reworking process will not increase the moisture content or decrease the milk fat content of the butter per pound, but, on the contrary, such rechurning or reworking of butter without adding water will tend to decrease the moisture and increase the butter fat content per pound. Plaintiff made no contention and introduced no proof to show that butter purchased from wholesalers contained excess moisture or was deficient in milk fat before it was rechurned by plaintiff. In view of this and in view of the greater weight of the evidence which satisfactorily shows that plaintiff rechurned the butter in warm water we must hold that plaintiff adulterated the butter because the process used by plaintiff naturally would have that effect, unless the butter was reworked after it was rechurned, which it was not. In view of the evidence of record the Commissioner's finding that plaintiff adulterated the butter is sufficient to rebut any presumption that the butter may have been adulterated by the wholesalers from whom plaintiff purchased it.

■ The Commissioner of Internal Revenue held upon the evidence before him that plaintiff was a maufacturer of adulterated butter as a business and also determined upon the evidence before him the number of pounds of adulterated butter that plaintiff had produced, and assessed the taxes and penalties accordingly. These determinations and assessments are prima facie correct. Plaintiff has the burden in a suit for refund of showing that such determinations and assessments are erroneous or illegal. We are of opinion that plaintiff has not sustained that burden in these cases. We think the record as a whole supports rather than disproves the determinations and assessments of the Commissioner and the amounts thereof.

■ Plaintiff further objects to the amount of the taxes determined by the Commissioner to be due and claims that we should reduce the amount because only a portion of the butter taxed was sampled and tested as provided in Articles 106 and 107 of Regulations No. 9. We find nothing in the statute taxing adulterated butter or in the regulations relied upon that prohibits the Commissioner from determining and taxing the amount of adulterated butter manufactured on evidence other than by taking samples and making formal tests. The regulations are administrative and procedural and they do not, even if they could, exclude the consideration and use in a particular case of credible evidence of the making of adulterated butter other than evidence obtained solely by taking samples from the various lots of butter taxed. We think he had such evidence in this case. In this respect the regulations concerning the taking of samples should be regarded as directory rather than mandatory. Cf. United States v. Michel, 282 U.S. 656, 660, 51 S.Ct. 284, 75 L.Ed. 598. The Commissioner had and this court has substantial evidence which the Commissioner had obtained from officers of plaintiff. He used that evidence with other evidence in determining the number of pounds of butter which he taxed as having been adulterated. Plaintiff's proof submitted here is not, in our opinion, sufficient to disprove the correctness of the Commissioner's determinations and assessments. Plaintiff is therefore not entitled to recover and the petitions must be dismissed.

Defendant is entitled to judgment on its counterclaim for such portion of the taxes assessed and interest due thereon as have

not been paid. Judgment for such amount, if any, will be entered upon the filing by the parties of a statement or stipulation showing the exact amount of such unpaid taxes and interest. It is so ordered.

WHALEY, Chief Justice, and MADDEN and WHITAKER, Judges, concur.

JONES, Judge, took no part in the decision of this case.