**COMMISSIONER OF INTERNAL REVENUE v. WEBRE STEIB CO., Limited.**

**WEBRE STEIB CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.**

Nos. 10641, 10657.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1944.

Rehearing Denied March 13, 1944.

Joseph M. Jones, Sewall Key, A. F. Prescott, and Fred E. Youngman, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Raymond F. Brown and Royal E. Maiden, Jr., Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for Commissioner of Internal Revenue.

Carl J. Batter, of Washington, D. C., for Webre Steib Co.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The Webre Steib Company, being a processor of centrifugal sugar and molasses, was required to pay $8,169.97 as processing taxes under the Agricultural Adjustment Act of 1933, 7 U.S.C.A. § 601 et seq. After the tax was declared illegal and the taxpayer's claim for refund had been disallowed, this proceeding was instituted before the Processing Tax Board of Review for the recovery of the total tax paid. From the decision there entered awarding a refund in the sum of $3,655.82 both parties have brought petitions for review. The crucial question presented is whether the taxpayer, by proof adduced before the Board, established that it bore, in whole or in part, the ultimate economic burden of the tax paid.

The exclusive procedure whereby refunds of processing taxes paid under the Agricultural Adjustment Act of 1933 may be secured is provided by Title VII, Section 906, of the Revenue Act of 1936.[1] It is incumbent upon the claimant to establish that he paid and bore the burden of the tax and was not relieved thereof nor reimbursed therefor in any manner whatsoever.[2] This burden of proof is substantive, and remains upon the claimant throughout the trial.[3] He may discharge it either by direct proof of the actual extent to which he bore the ultimate economic burden of the tax, or by proof of facts which, by express provision in Section 907 of the Act, give rise to a rebuttable presumption that the burden was borne to the extent indicated by the facts proved.[4] The refund entered by the Board was awarded upon the theory that the claimant had established facts sufficient to invoke the statutory presumption that it had borne the burden of the tax to the extent of $3,655.82.

The Commissioner contends that no refund of any part of the tax should have been awarded for two reasons: (1) Since the claimant produced a substantial portion of the sugar cane it processed, and as such producer received benefit payments from the Government out of processing taxes collected, the amount of such benefit payments received should have been included in the computation of the average margin per unit of the commodity processed during the tax period; that the computation so made would give rise to a presumption that the tax burden had been wholly shifted; and (2) that the facts found by the Board were sufficient to rebut the presumption, causing it to disappear entirely from the case, and left the claimant without any proof whatsoever in support of its claim.

Except for an obscure and wholly untenable suggestion by the claimant that it carried the burden upon it without resort to the presumption by adducing evidence rebutting the presumption in so far as it was favorable to the Commissioner, each issue in this case turns upon the statutory presumption as applied to the uncontradicted facts. No attempt was made to prove by direct, affirmative evidence that the claimant did not shift the tax, was not reimbursed for it, and did not otherwise escape the burden of it.

We have recently had occasion to make an exhaustive analysis of this presumption, its purpose and effect, how it may be invoked and rebutted, and the consequences of rebuttal.[5] By reference to that discussion we reiterate those principles here.

Upon the hearing before the Board the claimant proved that its average margin per unit of the commodity processed was lower during the tax period than was its average margin for the period before and after the tax, and the extent of the difference, translated into money, was $3,655.82. With regard to this recovery, claimant says that the marginal computation was proper. In support of its claims for recovery of the total tax paid, however, the taxpayer contends that, since it did no processing in the period after the tax, and since the period before the tax was not reasonably comparable to the tax period because factors not considered in the margin computation materially affected basic conditions, any inference based upon a comparison of the two periods was arbitrary and unreasonable, and could not stand. The claimant

1 Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; 49 Stat. 1748, 7 U.S.C.A. § 648.

2 Sec. 902 of the Revenue Act of 1936, 49 Stat. 1747, 7 U.S.C.A. § 644.

3 Central Vermont R. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252; Commissioner v. Bain Peanut Company, 5 Cir., 134 F.2d 853.

4 Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Commissioner v. Bain Peanut Company, 5 Cir., 134 F.2d 853.

5 Commissioner v. Bain Peanut Company, 5 Cir., 134 F.2d 853.

argues that, for this reason, the marginal computation should be based upon a comparison of the tax period with the period during which it processed the 1936 crop.

■ Section 907, being a part of a statute in derogation of the sovereign immunity from suit, must be strictly construed.[6] The tax period and the period before and after the tax are carefully defined by the statute, and must be applied accordingly. Since this taxpayer engaged in no business in the period after the tax, it was authorized by the statute, with the consent of the Commissioner, to substitute therefor the average prices paid during that period by representative concerns similarly engaged and circumstanced,[7] but it could not take any other periods for purposes of comparison. If, because of factors not considered in the computation, any inference based upon a comparison of the margins during the respective periods would bear no reasonable relation to actuality, the inference would be arbitrary and the statutory presumption would be inapplicable.

■ We consider equally untenable the contention of the Commissioner that monies received by the taxpayer as crop benefit payments should reduce proportionately the cost of the commodity processed during the tax period, or should otherwise be offset against any refund allowable. These payments were made to producers only; the processing taxes were assessed against processors only. The respective statutes were considered and enacted by Congress at the same time; indeed, as the Commissioner contends, they were parts of the same integrated program, yet the benefit payments were not restricted by statute to producers who did not also process, and the taxing statute made no differentiation between those who processed only and those who also produced. It is also significant that the refund statute, drafted in full awareness of the respective incidences of the tax, contains no distinctive limitations upon allowances to producer-processors. These considerations warrant the conclusion that, except for whatever incidental effect the benefit payments had upon the cost of the commodity processed and were accordingly reflected in the marginal computation made, the fact that this processor was also a producer had no effect upon his claim for refund.

■ It thus appears that, conceding the validity of the marginal computation to support the inference drawn by the Board, the claimant's evidence at its best made out a prima facie case for a refund of $3,655.-82. The remaining question is whether, as contended by the Commissioner, the facts adduced upon the hearing and found true by the Board rebutted the presumption upon which the refund depended. We adhere to our ruling in the Bain Peanut Company case that the statutory presumption, when rebutted, disappears entirely from the case; and if there is no proof aliunde the presumption, the taxpayer, upon whom the burden of proof lies, must suffer an adverse decision.

■ Section 907(e) of the Revenue Act of 1936 provides that the presumption may be rebutted by proof that the marginal difference was attributable to factors other than the tax; that sales contracts were modified or changed to reflect the tax; that commodity prices were increased in substantially the amount of the tax; that the tax was separately billed; or by other proof indicative of a shifting of the tax or an arrangement for reimbursement therefor.[8] In this case a part of the tax was paid upon the processing of sugar, and the remainder for processing molasses. Upon evidence before it the Board found that the claimant had participated in a universal increase in the selling price of sugar, effective as of the moment the processing tax was imposed, to cover the amount of the tax; and that claimant had collected from its vendees all taxes, for the entire period of the tax, assessed upon the processing of molasses, and all taxes for processing sugar during the year 1935. These findings are not attacked. Moreover, there was no showing that this policy of shifting the burden of the tax, thus shown to exist at the beginning and end of the tax period, did not continue throughout the effective period of the taxing statute. This evidence clearly was sufficient to dissolve the pre-

---

6 Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561; McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189; United States v. Michel, 282 U.S. 656, 51 S. Ct. 284, 75 L.Ed. 598; United States v. Durrance, 5 Cir., 101 F.2d 109.

7 Sec. 907(c) of the Revenue Act of 1936, 7 U.S.C.A. § 649(c).

8 Sec. 907(e) of the Revenue Act of 1936, 7 U.S.C.A. § 649(e).

sumption,[9] and since there was no other proof to support any refund, the claim should have been disallowed in its entirety.

Upon the petition of the claimant, the decision of the Board is affirmed; upon the petition of the Commissioner, the decision is reversed and the cause remanded to the Tax Court for further proceedings not inconsistent with this opinion.

[9] Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78, 32 L.R.A.,N.S., 226, Ann.Cas.1912A, 463; Commissioner v. Bain Peanut Co., 5 Cir., 134 F.2d 853.