## CALDWELL SUGARS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10848.

Circuit Court of Appeals, Fifth Circuit.
Feb. 15, 1944.

Rehearing Denied March 13, 1944.

C. J. Batter, of Washington, D. C., for petitioner.

F. E. Youngman, and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Raymond F. Brown and Royal E. Maiden, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This petition is for review of a decision of the Tax Court denying the claim of Caldwell Sugars, Inc., for refund of processing taxes paid by it, under the Agricultural Adjustment Act of 1933, 7 U.S. C.A. § 601 et seq., in the sum of $28,663.-55. The ultimate question for decision is whether the evidence established that the claimant, in whole or in part, actually bore the economic burden of the tax.

---

The disallowance of the claim by the Commissioner imposed upon the claimant the necessity of proving that it paid the tax and did not escape the burden thereof in any manner whatsoever.[1] It wholly failed to discharge this burden, either by proof of actual facts and figures or other affirmative evidence, or by proof that its margin was lower during the tax period than in the period before and after the tax. The evidence supports the findings of the Tax Court that the only affirmative facts before it showed that the claimant participated in a universal increase in sugar prices designed to cover the amount of the tax, and on some occasions billed the tax as a separate item to its vendees; and its greater margin during the tax period gave rise to the presumption that the tax burden had been shifted.[2]

Claimant contends, however, that its lack of adequate operating capital, and a combination of various factors peculiar to the sugar industry, caused its margin to be abnormally low during the pre-tax period; that for this reason, and the fact that it did not operate in the period after the tax, no reasonable inference could be drawn from a comparison of its margin during these periods with its margin during the tax period; and that, if the margin during the tax period should be compared with its margin for its 1937 operations, a presumption favorable to it would result.

The Tax Court did not think that the evidence was sufficient to rebut the presumption in favor of the Commissioner, and our study of the record does not convince us that this ruling was erroneous. Moreover, the only departure from actual proof recognized by the refund statute is the presumption arising from a marginal comparison of the tax period with the period before and after the tax.[3] The 1937 operations were not within the base period, and a comparison of the margin then realized with that of the tax period did not give rise to any presumption or otherwise satisfy the burden of proof that rested upon the claimant.

The decision of the Tax Court is affirmed.

[1] Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Colonial Milling Co. v. Commissioner, 6 Cir., 132 F.2d 505; Commissioner v. Bain Peanut Company, 5 Cir., 134 F.2d 853; Sec. 902, Revenue Act of 1936, 49 Stat. 1747, 7 U.S.C.A. § 644.

[2] Sec. 907, Revenue Act of 1936, 49 Stat. 1751, 7 U.S.C.A. § 649.

[3] Webre Steib Co. v. Commissioner, 5 Cir., 140 F.2d 768.