**BISNO et al. v. UNITED STATES.**

No. 4987.

District Court, W. D. Missouri, W. D.

April 27, 1948.

288

Hershel H. Goodman, of Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., both of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is an action against the government for the alleged breach of a lease obtained from the plaintiffs or their predecessors by the National Housing Agency. The lease is dated February 23, 1944, and was for a period of seven years beginning on March 1, 1944, and ending on March 1, 1951.

In substance it is alleged in the complaint that the government has breached the terms of the lease by permitting the property to remain unrepaired. The contract provided that:

"9. The Government, during the term of this lease, shall take good care of the Premises, and may make any and all repairs, both interior and exterior, necessary to keep the Premises in good order, condition and repair, without the consent or approval of the Lessor. * * *."

It is further stated in the complaint that the several plaintiffs are residents of Los Angeles, California. The property is located in Kansas City, Missouri. By their prayer the plaintiffs ask, "that the defendant be ordered to bring said lease into Court and that the same be canceled and redelivered to plaintiffs, and assess such damages against the defendant as may appear from the proof in this cause and for such other and further orders, judgments and decrees in the premises as to the Court may seem proper."

By its motion to dismiss the defendant challenges the right of the plaintiffs to maintain such an action under the provisions of paragraph 20, Section 41, Title 28 U.S.C.A. and also the defendant challenges the jurisdiction of the court, perforce Section 762, Title 28 U.S.C.A. These will be noticed.

1. Paragraph 20 of Section 41, supra, provides for suits against the United States in the District Courts under limited circumstances for damages liquidated or unliquidated, "in cases not sounding in tort", but it does not provide for the character of relief sought in this case. Only a money judgment is provided for.

In United States v. Michel, 282 U.S. 656, loc. cit. 659, 51 S.Ct. 284, loc. cit. 285, 75 L.Ed. 598, the Supreme Court of the United States said:

"But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued."

The identical ruling was made in the case of United States v. Jones, 131 U.S. 1, loc. cit. 18, 9 S.Ct. 669, 33 L.Ed. 90.

2. By Section 762, supra, it is provided that suits brought under the provisions of paragraph 20 of Section 41, supra, shall be brought "in the district where the plaintiff resides." In their complaint the plaintiffs say that they are residents of Los Angeles. By its motion the government declined to waive jurisdiction and without such waiver this court could not entertain jurisdiction. It would follow that for the grounds above stated, the motion to dismiss should be and will be sustained.