## HUBSCH v. UNITED STATES.

## SCHWEITZER v. UNITED STATES.

### Nos. 12501, 12502.

United States Court of Appeals,
Fifth Circuit.

April 20, 1949.

Rehearing Denied May 17, 1949.

Hylan H. Kout, of Miami Beach, Fla., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The Plaintiffs in these two consolidated cases, brought under the Federal Tort Claims Act, were riding in an automobile that came into collision with a jeep belonging to the United States Army and driven

by an Army lieutenant. The Court below found that although the driver of the Government's jeep was guilty of negligence proximately causing the injuries to Plaintiffs, nevertheless, such driver was not acting within the scope of his office or employment at the time of the injuries.

 The evidence relied on by the Court was substantial within the contemplation of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., and, if competent, the finding of the Court that the driver of the jeep was not engaged in and about the business of the Government at the time of the injury was not clearly erroneous and would not be disturbed. The evidence relied on to support such finding was the testimony of a Claims Officer of the United States Army, who investigated the accident, and documentary evidence attached to his report, including, among other things, a written statement by the driver of the jeep in question. The lower Court made the investigator the Court's own witness. His report was not put in evidence by either the Plaintiffs or the Defendant but by the Court of its own motion. The testimony of the Claims Officer as to the mission, or business, of the driver of the jeep at the time of the accident is based entirely on hearsay evidence, that is, upon statements made by the driver to such Claims Officer, and was incompetent. It denied the parties all right of cross examination of the maker of such statement. Statements made by the lieutenant, or by the Claims Officer, or otherwise in the report, could not be used as admissions against the interest of the Government in the absence of a showing that such officers had authority to make such admissions on the part of the United States and against its interest and in the absence of a showing that such statements were a part of the res gestae. The report, as well as the testimony of Mr. Krystow, the Claims Officer, dealing with statements made by the driver of the jeep, was incompetent and could not be used as the basis upon which to predicate the finding that the driver of the jeep was not acting within the scope of his office or employment or acting in line of duty with-

in the Federal Tort Claims Act, 28 U.S.C.A. § 931 et seq. [now §§ 1346, 2671 et seq.].

There is, however, competent evidence to show that the jeep was the property of the United States and that it had been temporarily assigned to the lieutenant who was driving it when the collision occurred. This lieutenant was in command of a detail of some six soldiers at Key Largo, 60 miles from Miami Beach, where the collision occurred. The jeep regularly assigned to the lieutenant had been left at the Miami Air Depot for repairs and the jeep in question issued to him for use in the meanwhile. If the statement of the lieutenant to the Claims Officer, attached to the report above mentioned, were receivable in evidence, it would have shown that the lieutenant drove the jeep from Key Largo to the Miami Air Depot on Saturday afternoon, July 13, 1946, to exchange it for the jeep that he had theretofore left for repairs; that, it being Saturday afternoon, he was unable to return the jeep and to receive the one he had left.

 Thereafter he proceeded in the jeep to Miami Beach where he spent the night, and, after having consumed considerable alcohol, was, on Sunday morning, going to breakfast when the accident occurred; that he had intended to stay over until Monday morning and thereupon go to the Air Depot and obtain the repaired jeep, regularly assigned to the use of his detail. As above stated, if this evidence had been competent, there would be substantial support for the Judge's finding that the lieutenant was not in and about the business of the Government of the United States at the time of the accident. But since this evidence was hearsay and not receivable, there is no evidence whatsoever as to whether or not the lieutenant was in and about the business of his office and employment or in the line of duty for the Government at the time of the accident within the intent and purpose of the Federal Tort Claims Act as construed by us in United States v. Campbell, 5 Cir., 172 F.2d 500. In that case we held that whether or not the service man was acting in the line of duty must be deter-

mined, measured, and limited by the doctrine of respondeat superior in like manner and extent as it would be determined in the case of private persons under that doctrine, and that the employee of the Government, whether he be in the military or otherwise, must be acting in and about the business of the Government at the time of the injury. Under that decision it was, therefore, incumbent upon the Plaintiffs to show that the driver of the jeep was in and about the business of the United States and acting within the scope of his office or employment at the time of the injury.

In an effort to meet this requirement Plaintiffs insist that under the law of Florida if it be shown that the master had entrusted to his servant a motor vehicle—a dangerous instrumentality—and injury was caused by the negligent operation of such automobile, there arises a presumption that the driver was on the business of the owner.[1]

Since the decision of the Supreme Court of Florida in Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, it has been the law of that state that an owner who entrusts his automobile—a dangerous instrumentality—to his servant to operate would be liable for the injuries caused by the negligent operation of the automobile regardless of whether or not the driver was in and about the owner's business at the time of such injuries. The Appellants seek to invoke that doctrine in the present case and to hold the Government liable on the theory that it had entrusted the jeep to its servant, the lieutenant, and that liability would follow regardless of the mission which the lieutenant was on when the injury occurred, and that there would arise a presumption from the entrustment of the jeep to the lieutenant and its use that he was in and about the business of the owner at the time of the accident.

 We must reject the contention that judgment can be fastened upon the United States under the Federal Tort Claims Act solely because a servant of the Government negligently drove a vehicle belonging to the Government which had theretofore been entrusted to such servant, without regard to whether such servant was acting within the scope of his duty. We come to this conclusion even though the statute undertakes to put the Government in the same situation as a private person would be under the law of the place where the accident occurred. It must be kept in mind, however, that statutes waiving the immunity of the sovereign to be sued must be strictly applied. Rambo v. United States, 5 Cir., 145 F.2d 670, and United States v. Durrance, 5 Cir., 101 F.2d 109, 110, wherein it was stated:

"An action against the United States may be maintained only by its permission, and a statute dealing with the relaxation of sovereign immunity from suit must be strictly construed. Governmental liability should not be extended beyond the plain language of a statute authorizing it. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Price v. United States, 174 U.S. 373, 19 S.Ct. 765, 43 L. Ed. 1011; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633."

It must also be noted that the Tort Claims Act confers jurisdiction upon the Court to hear claims against the United States "on account of damage * * * caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment* * * *." (Emphasis added.) There can, therefore, be no jurisdiction in the Court to hear and determine claims against the Government under the Federal Tort Claims Act for any injury caused by the negligence of an employee who was not acting within the scope of his employment. That is to say, the Government has not consented to be sued or to be liable for injuries caused by the negligent acts of its employees who are in and about their own personal and private enterprises. The Court would have no jurisdiction to try a tort action against the United States which was not based

---

[1] Citing Dowling v. Nicholson, 101 Fla. 672, 135 So. 288; Hastings v. Taylor, 130 Fla. 249, 177 So. 621.

upon acts within the scope of the employment or duty of a servant. Cropper v. United States, D.C., 81 F.Supp. 81; Long v. United States, D.C., 78 F.Supp. 35; Rutherford v. United States, D.C., 73 F. Supp. 867.

In these circumstances the Florida doctrine of liability of the owner of an automobile for the negligent operation of such automobile outside the scope of the owner's business can have no application nor can any presumptions arising out of such doctrine be applicable to this case.

There being no competent evidence in this case that the driver of the jeep was on the occasion in question in and about the business of the Government, and also no applicable presumption to that effect, it necessarily follows that the cases of the Plaintiffs must fall and the judgments of the lower Court should be, and the same are hereby,

Affirmed.