**EDWARD J. GAY PLANTING & MANU-FACTURING CO., Limited, v. COMMIS-SIONER OF INTERNAL REVENUE.**

**No. 10965.**

Circuit Court of Appeals, Fifth Circuit.

June 23, 1944.

Carl J. Batter, of Washington, D. C., for petitioner.

John F. Costelloe, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Raymond F. Brown and R. E. Maiden, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C. for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The petitioner seeks a refund of processing taxes which were imposed and which it alleges it paid and did not pass on to consumers. The claim was for $27,419.-30. The parties filed a joint stipulation of facts. The Tax Court made its findings of facts on the basis of the stipulation and held that the taxpayer had failed to prove that it was entitled to a refund of any part of the amount involved. The proceeding is here for a review of the decision of the Tax Court.

The taxpayer was a grower and purchaser of sugar cane and was also a producer of direct consumption sugar. The claim for refund, as filed and disallowed, disclosed a tax period margin of $0.01626685 per unit of commodity processed and a margin for the period before and after the tax of $0.00939057 per unit of commodity processed, or an excess margin during the tax period of $0.00687628 per unit.

The taxpayer produced plantation granulated sugar and first molasses for direct consumption. It also produced blackstrap molasses as a by-product. The taxpayer at all times sold its granulated sugar at a fixed differential of 35¢ under the prices of the large sugar refineries, all of whom increased

their prices by 55¢ per hundred pounds of refined sugar on June 8, 1934, the effective date of the imposition of the processing tax on sugar at the rate of 53½¢ per hundred pounds.

The gross sales value of articles derived from the commodity processed computed in accordance with Sec. 907(b) (6) of the Revenue Act of 1936, 7 U.S.C.A. § 649(b) (6), and the regulations applicable thereto, was $266,857.50 for the tax period and $388,727.92 for the period before and after the tax.

The units of commodity processed, expressed in terms of 96 degrees sugar, raw value, were 7,260,357 pounds during the tax period and 12,241,586 pounds during the period before and after the tax.

The taxpayer processed sugar cane which it grew on its own plantations and sugar cane which it purchased in the open market from other planters.

The taxpayer contends that the "actual cost" measure should have been used in respect to sugar cane grown upon its own plantations and that if such method had been used, then such computation would have removed it from the burden of proof imposed by the "before and after tax period" measure used by the Tax Court.

Section 907(b) (5) of the Refund Act of 1936 provides alternative methods of computing cost—actual cost or current prices at the time of processing. The Tax Court computed margins based on current prices, and we are of opinion and so hold that such method, under the stipulation of this case, was correct. It is true that we held in the case of Commissioner v. Bain Peanut Co., 5 Cir., 134 F.2d 853, 856, that actual cost "is exclusive if available." Such "actual cost" measure could be applied here if petitioner had given us a correct premise upon which to move. This it has failed to do. It charged the entire cost of all planting and cultivation of sugar cane grown by it on its plantations to the first year after the sugar cane had been planted, whereas in fact three crops were grown and and gathered, one each year, from the first planting. This cost of planting and cultivation should have been allocated to the three years and not to the first year alone.

The Tax Court found that the evidence affirmatively showed the taxpayer had not borne the burden of the tax on sugar and molasses but had passed it on to its customers.

We agree with the Tax Court that the computation was properly made under Sec. 907(b) (5) (b), and in consequence, the petitioner's margin during the tax period exceeded the margin during the before and after periods. It follows that the petitioner must be presumed, under 907(a) of the Revenue Act of 1936, to have borne none of the burden of the processing tax but to have shifted it to others. Commissioner v. Webre Steib Co., 5 Cir., 140 F.2d 768, 770; Commissioner v. Bain Peanut Co., 5 Cir., 134 F.2d 853; cf. Helvering v. Insular Sugar Refining Corp., App.D.C., 141 F.2d 713.

There is to be found in the stipulation of facts, which is the record evidence in this case, substantial evidence to support the decision of the Tax Court and the judgment is affirmed.