## UNITED STATES SUGAR CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10937.

Circuit Court of Appeals, Fifth Circuit.

July 7, 1944.

Forest P. Tralles, of St. Louis, Mo., for petitioner.

Joseph M. Jones, Sewall Key, Helen R. Carloss, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen. and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This petition for review seeks reversal of a decision of the Tax Court which sustained an assessment by the Commissioner of an unjust enrichment tax, with penalty for delayed return, touching processing taxes during petitioner's fiscal year ending June 30, 1937. The facts are not in dispute, and briefly are as follows:

Petitioner produced raw sugar. It shipped it to Savannah Sugar Refining Corporation (herein called Savannah) under a continuing contract which provided that petitioner would sell Savannah raw sugar, title passing on delivery, and Savannah would deliver refined sugar in exchange for and in payment of the raw sugar; and Savannah would use its best efforts to sell the refined sugar at market price, guaranteeing sales, and absorbing brokerage and insurance charges; Savannah to settle by the tenth of the month for sales during the preceding month, and to deduct from the price received eighty cents per hundred pounds of raw sugar delivered and advances with interest; and all processing taxes imposed for refining the sugar to be paid by Savannah as refiner for the account of petitioner and reserved from the proceeds of sale. Notwithstanding the form of the contract, it is testified without contradiction that the parties regarded the contract as one for refining petitioner's sugar for eighty cents per hundred pounds, the title passing only for security of the advances to be made. In fact, however, Savannah was at the same time engaged in refining sugar purchased elsewhere for itself, petitioner's raw sugar was tested for sugar content, and the amount of refined sugar for which Savannah was accountable was determined by the test. No attempt seems to have been made to keep petitioner's raw sugar or its product physically separate.

Monthly settlements, including processing taxes, were made through November, 1935. On Jan. 6, 1936, the Supreme Court held the law which levied the processing taxes unconstitutional and void; United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The taxes payable for processing sugar in December, 1935, were payable to the United States Jan. 31, 1936. They were not paid by Savannah. Savannah settled with petitioner for the December business, reserving $28,586 for the processing taxes. When this was not paid over to the United States it was returned to petitioner during the fiscal year beginning July 1, 1936. Neither before the Commissioner nor the Tax Court did petitioner make any showing of the extent to which the burden of the processing tax was shifted to the purchasers from Savannah. The Commissioner assessed the entire sum so paid to petitioner as an unjust enrichment under Section 501(a) (2) of the Revenue Act of 1936, 49 Stats. 1734, 26 U.S.C.A. Int.Rev.Code § 700, for processing taxes "included in the price of goods purchased by you". The Tax Court sustained the assessment by applying also Section 501(k) and treating petitioner as a "vendee of services", to wit the processing services of Savannah. It adopted the view maintained by petitioner, that the contract with Savannah was not a purchase of refined sugar by petitioner, but a bailment of its raw sugar for refining and for sale as by a factor.

Petitioner urges in this court that the sum of $28,586 paid over to it by Savannah was merely a general balance due on its account, though equalling the invalid processing tax on the business of December, 1935, and originally retained by Savan-

nah to cover it. It is not denied that in the sugar business the refiners all increased their sale prices by the amount of the processing tax, and thus passed it on to the consuming public.[1] That petitioner was bound to reimburse the processing tax due from the refiner is admitted. Savannah at first took reimbursement, but when it appeared that it would not have to pay, it refunded the retained amount to petitioner. It is clear that petitioner thereby received $28,586 more for its December sugar than it expected to get, and than it would have gotten if the processing tax had never been laid, and this at the expense of the consuming public. This general result the Congress deemed an unjust enrichment, and by Section 501 sought by a very heavy tax to turn most of it into the public treasury. We have no doubt this case falls within the general purpose of the tax; but it is correctly claimed that the words of the statute must include it to justify collecting the tax.

The words relied on by the Commissioner are in Section 501(a) (2): "A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors * * *." It is argued that since petitioner did not buy any refined sugar from Savannah, under a proper understanding of their contract, petitioner is not a vendee and has received no reimbursement from a vendor. The argument is frustrated by subsection (k): "All references in this section to the purchase or sale (or to parties to the sale) of articles with respect to which a Federal excise tax was imposed shall be deemed to include the purchase or sale (or parties to the sale) of services with respect to which a Federal excise tax was imposed." Savannah's service as a refiner was sold to petitioner, and the processing tax was imposed with reference thereto. Savannah therefore is a vendor and petitioner a vendee within the meaning of Section 501(a) (2). Petitioner paid Savannah for the December service not only the agreed eighty cents per hundred pounds but also the $28,586 processing tax imposed with respect to the refining service. When Savannah repaid the latter sum, there was a reimbursement by a vendor to a vendee, resulting in unjust enrichment.

 It is said that this processing tax was never "imposed", since Congress had not constitutionally enacted it and it was never in fact paid to the United States. The word "imposed" as here used includes the attempt to impose, otherwise the unjust enrichment tax would largely fail of its purpose. That tax was mainly provoked by the many injunctions against these processing taxes, whereby the tax money was impounded and not paid over.

An argument is also made that in the latter part of subsection (k) dealing with the presumption as to a shift of the tax burden to others, the word "taxpayer" is so used as to mean the processor. We do not think this destroys the operation of the first part of the subsection as quoted above. We uphold the conclusion of the tax court that this reimbursement was a taxable unjust enrichment within the terms of Section 501.

Judgment affirmed.

---

[1] This fact is established expressly in Edward J. Gay Planting & Mfg. Co. v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 452.