PASS v. McGRATH, Attorney General of United States.

No. 10682.

United States Court of Appeals
District of Columbia Circuit.

Argued April 19, 1951.

Decided Oct. 5, 1951.

Writ of Certiorari Denied Jan. 7, 1952.

See 72 S.Ct. 302.

Raoul Berger, Washington, D. C., for appellant.

George B. Searls and Joseph Laufer, Attorneys, Department of Justice, Washington, D. C., with whom Asst. Atty. Gen. Harold I. Baynton was on the brief, for appellee. George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

PER CURIAM.

Appellant sued under § 9(a) of the Trading with the Enemy Act, as amended, 42 Stat. 1511, 50 U.S.C.A.Appendix, § 9(a), to recover property vested in the Custodian, pursuant to § 5(b) of the Act, as belonging to a national and resident of Germany. The complaint alleges that appellant is a native-born citizen of the United States; that he owns the property; that in 1943, when the Custodian took it, he was unavoidably living in Germany; that he returned to the United States in August, 1946 and filed a notice of claim with the Custodian in September, 1946. The complaint was filed in October, 1949. The District Court dismissed it as barred by § 33 of the Trading with the Enemy Act, as amended, 62 Stat. 1218, 50 U.S.C.A.Appendix, Supp.III, § 33.

Section 33 provides "* * * No suit pursuant to section 9 may be instituted after April 30, 1949, or after the expiration of two years from the date of the * * * vesting in the Alien Property Custodian * * * of the property

or interest in respect of which relief is sought, whichever is later, but in computing such two years there shall be excluded any period during which there was pending a suit or claim for return pursuant to section 9 or 32(a) hereof." Since no suit and no claim was pending within two years after the property vested in the Custodian, the "later" date and the last on which suit could be brought was April 30, 1949. The claim filed with the Custodian in September, 1946 could not toll the two-year period that had expired in 1945. In our opinion there is no merit in appellant's contentions that the statute does not mean what it says and that if it does it is unconstitutional. It is "well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598. "And the power to withdraw the privilege of suing the United States or its instrumentalities knows no limitations. Lynch v. United States, 292 U.S. 571, 581, 582 [54 S.Ct. 840, 844, 78 L.Ed. 1434] and cases cited." Maricopa County v. Valley Nat'l Bank of Phoenix, 318 U.S. 357, 362, 63 S.Ct. 587, 589, 87 L.Ed. 834.

Affirmed.