**CISATLANTIC CORPORATION and Edgar Ausnit, Plaintiffs,**

**v.**

**Herbert BROWNELL, Jr., Attorney General of the United States of America and Ivy Baker Priest, Treasurer of the United States of America, Defendants.**

United States District Court
S. D. New York.

June 1, 1953.

Graubard & Moskovitz, New York City, for plaintiffs. Irving Moskovitz, Peter N. Schiller, New York City, of counsel.

Rowland F. Kirks, Asst. Atty. Gen., Myles J. Lane, U. S. Atty. S. D. New York, New York City, James D. Hill, Irving Jaffe, Max Wilfand, Attys., Dept. of Justice, Washington, D. C., for defendants.

CLANCY, District Judge.

By order dated July 2, 1942, supplemented by an order dated April 27, 1943, the Alien Property Custodian vested a forge plant in which plaintiffs claim an interest. On September 15, 1942 plaintiffs filed a claim with the Custodian for return of the forge plant pursuant to § 9(a) of the Trading With the Enemy Act, 50 U.S.C.A.Appendix, § 9(a). This claim was heard by the Vested Property Claims Committee which rendered a decision on June 10, 1944 disallowing the claim. On February 17, 1947 plaintiffs filed a mo-

'tion for rehearing which was granted by order of the Vested Property Claims Committee, dated February 20, 1947. On consideration the hearing examiner disallowed the plaintiff's claim of title and upon review was sustained by the Director by order dated March 5, 1952. Plaintiffs commenced this suit November 17, 1952.

The vesting order became effective when filed with the Federal Register July 6, 1942. By the regulations plaintiffs were allowed twenty days after receipt of the Committee's final determination to apply for review by the Custodian. No such application was made. Thus the determination became final on July 1, 1944. If we deduct the time from September 15, 1942, when the claim was filed, to July 1, 1944, when the claim was determined, from the period running from the vesting, the statutory two years would expire April 30, 1946. So the time limitation for filing suits, 50 U.S. C.A.Appendix, § 33, is April 30, 1949. Pass v. McGrath, 89 U.S.App.D.C. 371, 192 F.2d 415.

 Plaintiffs point to the rehearing granted by the Vested Property Claims Committee February 20, 1947 and some intervening conversations with Alien Property lawyers. There was pending neither suit nor claim for return on April 30, 1946 or until February 30, 1947. This is the record. Plaintiffs understood this to be the fact. They instituted an action under § 9(a) on April 30, 1949 but, apparently preferring to pursue an administrative remedy, failed to prosecute it and it was eventually dismissed. The cases cited by plaintiff do not support his claim here. The power of the Custodian to grant administrative relief is untrammeled. But the jurisdiction of the Court to entertain a suit for recovery is limited by the letter of the Statute. Even the Executive, despite the vast power to grant administrative relief vested in him and through him in his agents, cannot establish a right to sue the United States. The continuity of the Custodian's administrative powers does not mean that the administrative process is continuous. That construction would delete the time limitation in § 33. That limitation is jurisdictional and must be construed accordingly. The record of this proceeding calls for a dismissal of the action.

It is unnecessary to discuss the other grounds for the motion in view of the effectiveness of the limitation.