Xenia GRABBE and Olga Gayderbouroff

v.

Herbert BROWNELL, Jr., etc.

Civ. No. 16102.

United States District Court E. D. New York.

April 27, 1956.

Albion W. Fenderson, Department of Justice, Washington, D. C., Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Dallas S. Townsend, Asst. Atty. Gen., and H. Elliot Wales, Asst. U. S. Atty., Brooklyn, N. Y., for the motion.

Feingold, Falussy & Gilbert, by Alfred Feingold, New York City, for plaintiffs, in opposition.

RAYFIEL, District Judge.

This is a motion to dismiss the complaint herein on the ground that the Court lacks jurisdiction of the subject matter of the action, in that this is an action against the United States which does not come within its consent to be sued, and is barred by Section 33 of the Trading With The Enemy Act, Title 50 U.S.C.A. Appendix, § 33.

The complaint states a cause of action against the defendant based upon the Fifth Amendment to the Constitution of the United States and the Trading With The Enemy Act, Title 50 U.S.C.A.Appendix, §§ 1 through 40. It alleges, inter alia, that on August 21, 1944, the then Alien Property Custodian, the predecessor in office of the defendant, caused to be executed Vesting Order No. 4046, respecting 10 shares of the capital stock of the Johnson Estate, a New York corporation, which had been bequeathed to the plaintiffs by the will of one Catherine Johnson Ashe; that pursuant to the said vesting order he seized the said property; that the said plaintiffs were infants at the time of the vesting, and were not enemies or allies of an enemy of the United States, within the meaning of the Trading With The Enemy Act, 50 U.S.C.A.Appendix, supra; that on June 16, 1952, the plaintiffs filed with the defendant a notice of claim to the property in question; and that the defendant and his predecessor retained, and the defendant is still retaining, the said property, and, in violation of law, has refused to return it to the plaintiffs.

For the purpose of this motion, the defendant admits the allegations of the complaint, but contends that this suit is barred by the provisions of Section 33 of the Trading With The Enemy Act, 50 U.S.C.A.Appendix, § 33, supra.

That section reads as follows:

"No return may be made pursuant to section 9 or 32 (section 9 or 32 of this Appendix) unless notice of claim has been filed: (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948; or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, not later than one year from February 9, 1954, or two years from the vesting of the property or interest in respect of which the claim is made, whichever is later; except that return may be made to successor organizations designated pursuant to section 32(h) of this Appendix if notice of claim is filed before the expiration of one year from August 23, 1954. No suit pursuant to section 9 (section 9 of this Appendix) may be instituted after April 30, 1949, or after the expiration of two years from the date of the seizure by or vesting in the Alien Property Custodian, as the case may be, of the property or interest in respect of which relief is sought, whichever is later, but in computing such two years there shall be excluded any period during which

there was pending a suit or claim for return pursuant to section 9 or 32(a) hereof (section 9 or 32(a) of this Appendix.)"

It is conceded by the defendant that the plaintiffs' *claim*, filed on June 16, 1952, pursuant to Section 33, supra, was timely filed, the expiration date for the *filing of claims* having been extended to February 9, 1955, by the amendment to section 33, dated August 23, 1954. However, the defendant contends that the said amendment did not extend the time for the *institution of suits* beyond April 30, 1949, and, since this action was commenced on December 12, 1955, it is barred.

I am constrained to agree with the defendant's contention. The language of the statute in question is clear and unambiguous. The action was not brought within two years of the vesting (which took place on September 1, 1944) or prior to April 30, 1949, in this instance the later permissive date.

The very question involved here was passed upon in Pass v. McGrath, 89 U.S. App.D.C. 371, 192 F.2d 415, at page 416, wherein the court said:

"Since no suit and no claim was pending within two years after the property vested in the Custodian, the 'later' date and the last on which suit could be brought was April 30, 1949. The claim filed with the Custodian in September, 1946 could not toll the two-year period that had expired in 1945. In our opinion there is no merit in appellant's contentions that the statute does not mean what it says and that if it does it is unconstitutional. It is 'well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued.' United States v. Michel, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598. 'And the power to withdraw the privilege of suing the United States or its instrumentalities knows no limitations. Lynch v. United States, 292 U.S. 571, 581, 582 (54 S.Ct. 840, 844, 78 L.Ed. 1434) and cases cited.' Maricopa County v. Valley Nat'l Bank of Phoenix, 318 U.S. 357, 362, 63 S.Ct. 587, 589, 87 L.Ed. 834."

Unfortunately for the plaintiffs, Congress, in enacting the aforementioned amendment, provided a claimant with a right—the extension of the period within which a claim could be filed—but not a remedy—the right to a review of the rejection of a claim. The remedy, then, is legislative.

The motion is granted and the complaint dismissed.

Settle order on notice.