Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, Appellant,

v.

MORIZO NAKASHIMA, Appellee.

No. 15197.

United States Court of Appeals Ninth Circuit.

April 5, 1957.

Rehearing Denied June 7, 1957.

Dallas S. Townsend, Asst. Atty. Gen., Laughlin E. Waters, Los Angeles, Cal., Percy Barshay, San Francisco, Cal., James D. Hill, John J. Pajak, George B. Scarls, Washington, D. C., for appellant.

Irvine P. Aten, James Kubota and Richard V. Aten, Fresno, Cal., for appellee.

Before FEE and HAMLEY, Circuit Judges, and CLARK, District Judge.

HAMLEY, Circuit Judge.

This is an appeal from a judgment for plaintiff in an action to recover property vested under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq. Plaintiff Akira Morimoto died after the appeal was filed, and his executor, Morizo Nakashima, now appears as appellee.

Appellant contends that the district court lacked jurisdiction because the action was not brought within the period of limitation specified in § 33 of the act.

The real estate which is the subject matter of the suit vested in appellant on December 17, 1947, when the vesting order was filed with the Federal Register. A notice of claim to the property was filed with the Office of Alien Property, Department of Justice, on October 17, 1950. The original complaint herein was filed October 23, 1950.

The suit was commenced pursuant to § 9(a) of the act. This statute confers jurisdiction upon district courts to entertain a suit in equity to establish the claimant's right to, and obtain the return of, property seized under the act. Section 33 of the act specifies the time within which notices of claim made pursuant to § 9 or § 32, and suits authorized by § 9, must be filed. Section 33, as it read when the instant notice and suit were filed, is quoted in the margin.[1]

It is conceded that, if the section as quoted is controlling, the suit was not timely filed. The two-year period following vesting had expired before either a claim or suit had been filed. Appellee, however, argues that the period of limitation for filing such suits was extended by the 1954 amendment of § 33, and that this suit was filed within the extended period. He also argues that, if the period of limitation was not extended by the 1954 amendment, § 33 is unconstitutional as to him.[2]

Under the 1954 amendment, the first sentence of § 33, relating to notices of

1. Section 33, as amended in 1948:
"No return may be made pursuant to section 9 or 32 [section 9 or 32 of this Appendix] unless notice of claim has been filed: (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948; or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, by April 30, 1949, or two years from the vesting of the property or interest in respect of which the claim is made, whichever is later. No suit pursuant to section 9 [section 9 of this Appendix] may be instituted after April 30, 1949, or after the expiration of two years from the date of the seizure by or vesting in the Alien Property Custodian, as the case may be, of the property or interest in respect of which relief is sought, whichever is later, but in computing such two years there shall be excluded any period during which there was pending a suit or claim for return pursuant to section 9 or 32(a) hereof [section 9 or 32(a) of this Appendix]."

2. An additional contention by appellee that this statute of limitations was tolled on account of war was abandoned after the decision in Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306.

claims, was amended to read as quoted in the margin.[3] With respect to property (such as that here in question) acquired by the United States on or after December 18, 1941, the time for filing a notice of claim was extended to February 9, 1955, or two years from the vesting, "whichever is later." It follows that the instant notice of claim, which was filed on October 17, 1950, was timely under the 1954 amendment.

The 1954 amendment, however, made no change in the second sentence of § 33, which relates specifically to the period of limitation for filing a suit pursuant to § 9. That part of § 33 still expressly provides that no such suit may be instituted after April 30, 1949, or after the expiration of two years from the date of the seizure or vesting, "whichever is later." The proviso attached to that sentence still tolls the running of this two-year period only if, *during such period*, a claim or suit pursuant to § 9 or § 32(a) was pending. Pass v. McGrath, 89 U.S.App.D.C. 371, 192 F.2d 415, certiorari denied 342 U.S. 910, 72 S.Ct. 302, 96 L.Ed. 681. As before noted, no claim or suit was filed during the two-year period following vesting of the property in question on December 17, 1947.

Appellee argues, however, that, since the 1954 amendment extended the time for filing notices of claim, the tolling provision of § 33 should be read as providing that such period of limitation is tolled during the pendency of a claim if the notice of claim is filed *at any time* during the extended period provided by the 1954 amendment.

No court has sanctioned such a disregard of the express language of the last sentence of § 33. On the contrary, two district courts have rejected a like contention.[4] No court of Appeals has passed upon the matter since the 1954 amendment was enacted.

In the Pass case, decided in 1951, the vesting occurred in 1943. The notice of claim was filed in September, 1946, and was therefore timely. The suit was filed in October, 1949, which was after the April 30, 1949, deadline specified in the last sentence of § 33. It was contended that, since the notice of claim was timely filed and was still pending, the period of limitation for bringing suit had been tolled. It was held, however, that since the notice of claim was not filed within two years of the vesting, it could not serve to toll the period of limitation. The principle thus established is that a notice of claim may be timely, within the meaning of the first sentence of § 33, and yet fail to extend or toll the period of limitation for bringing suit.

If that could happen under § 33, as amended in 1948, it is difficult to see why, under similar facts, it could not happen under the 1954 version of the section, since no change was made in the tolling provision. Here, the notice of claim was timely filed within the meaning of § 33, as amended in 1954. But it was not filed within two years of the vesting, and so could not serve to toll the period of limitation for bringing suit.

In our view, the 1954 amendment does not indicate an intention on the part of

3. The first sentence of § 33, as amended in 1954, 50 U.S.C.A.Appendix, § 33, reads:

"No return may be made pursuant to section 9 or 32 [section 9 or 32 of this Appendix] unless notice of claim has been filed: (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948; or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, not later than one year from Feb-

ruary 9, 1954, or two years from the vesting of the property or interest in respect of which the claim is made, whichever is later; except that return may be made to successor organizations designated pursuant to section 32(h) of this Appendix if notice of claim is filed before the expiration of one year from August 23, 1954." 68 Stat. 7, ch. 4, 68 Stat. 768, ch. 830, § 2.

4. Pedersen v. Brownell, D.C.D.Or., 129 F. Supp. 952; Grabbe v. Brownell, D.C.E.D. N.Y., 140 F.Supp. 4.

Congress to reject the construction of the tolling provision of § 33, as announced in Pass v. McGrath.

■ Appellee asks us to discount Pass as stating principles of statutory construction at variance with three cases which he cites.[5] These decisions make it clear that the letter of the Trading with the Enemy Act is not to be regarded as controlling where it is plainly contrary to the spirit and policy of the legislation and to the intention of Congress. While Pass v. McGrath gave effect to the letter of the act, we do not read it as ignoring the spirit and policy of the legislation or the intention of Congress.

■ Turning to the case before us, we find no indication that the spirit or policy of the 1954 amendment of § 33, or the intention of Congress in enacting it, runs counter to the express provisions of the last sentence of that amended section. On the contrary, the fact that Congress chose to retain the provision of § 33 limiting the tolling of the period of limitation, after it was construed in Pass v. McGrath in the manner indicated, is some evidence of congressional satisfaction with that construction.

The argument upon which appellee seems to place greatest reliance is based upon the fact that the notices of claim referred to in the first sentence of § 33 are expressly made conditions precedent to the procedures specified in § 9 as well as § 32. Appellee contends that the administrative provisions of § 9 either have been superseded by § 32, or relate only to World War I. Hence, he argues, the only part of § 9 procedure to which notices of claim could have been pertinent when the 1954 amendment was enacted was that which relates to suits. Appellee concludes from this that unless the extended period for filing such claims was intended to extend the time for filing suits, the reference to § 9 in the first sentence of § 33, as amended in 1954, is meaningless.

The premise upon which this argument is based does not, in our view, support the conclusion reached. Appellee concedes that the administrative provisions of § 9 have not been superseded by § 32, in so far as World War I claims are concerned.[6] It follows that the reference to § 9 in the first sentence of § 33, as amended, serves a purpose other than that relating to suits. This being the case, insistence upon the time limits for bringing suit, as specified in the last sentence of § 33, does not render meaningless the reference to § 9 in the first sentence of that section.

■ Appellee makes reference to the legislative history of § 33. We find, in this history, no basis for disregarding the express language of the last sentence of § 33. House Report No. 1114, 83d Congress, in which the Committee on Interstate and Foreign Commerce recommended passage of S. 373 amending § 33, refers to the extension of time for filing "claims." The closest which this report comes to stating the purpose of the extension is this language: "so that persons such as those described earlier in the report may seek the return of their property."[7] Appellee argues that the word "claims" can be construed as including both administrative claims and suits. While this construction is possible, it is by no means clear that the committee used the word in that sense. In our opinion, the committee report does

5. Markham v. Cabell, 326 U.S. 404, 409, 66 S.Ct. 193, 90 L.Ed. 165; Guessefeldt v. McGrath, 342 U.S. 308, 319, 72 S.Ct. 338, 96 L.Ed. 342; Vowinckel v. First Federal Trust Co., 9 Cir., 10 F.2d 19.

6. This must be true because § 32, the only other section which provides for administrative returns, by its terms excludes its application to "any property or interest acquired by the United States prior to

December 18, 1941." Section 33 does not refer to "World War I" claims or "World War II" claims, but, rather, to claims relating to property (a) acquired by the United States prior to December 18, 1941, and (b) acquired on or after December 18, 1941.

7. H.R.Rep. 1114, 83d Cong., 2d Sess. (1954), reported in 1954, 2 U.S.Code Cong. & Ad.News, pp. 1997, 1998.

not indicate a plain intent to extend the time for filing suits.

There are attached to this committee report letters concerning the legislation submitted by various agencies of the government. A letter submitted by the War Claims Commission [8] indicates that the chairman of that agency probably thought the proposed extension of time would affect suit procedure under § 9. On the other hand, a letter submitted by the Department of Justice [9] indicates a contrary construction, since it refers to S. 373 as a bill "to extend the time for the filing of administrative claims. * * *" Legislative history of this kind is inconclusive.

For the reasons indicated above, we conclude that the instant suit was not timely filed within the meaning of § 33, as amended in 1954.

Appellee contends that, if § 33 is so construed as to deprive him of the right to sue for the return of the vested property, it is unconstitutional as to him.

The factual basis for this argument is predicated upon the circumstance that appellee, then a medical officer in the Japanese army, was a prisoner of war in Siberia at the time of the vesting, and until December 4, 1948, when he was repatriated to Japan. It was not until April 6, 1949, that appellee, then subject to regulations imposed upon an occupied country, could be said to have access to the courts of the United States.[10] Since the vesting occurred on December 17, 1947, the period of limitation for filing suit was December 16, 1949. It is argued that the eight and a half months between April 6 and December 16, 1949, is not a reasonable period of time to allow for the bringing of such a suit.

The power of Congress to provide for an immediate seizure in war times of property supposed to belong to the enemy is dependent upon adequate provision being made for its return in case of mistake. Central Union Trust Co. v. Garvan, 254 U.S. 554, 566, 41 S. Ct. 214, 65 L.Ed. 403. Whether adequate provision for such return has been made depends, among other things, on whether the period of limitation for the bringing of suits for return of seized property is reasonable. Appellee is therefore correct in contending that the reasonableness of the period of limitation presents a constitutional question.

We are not persuaded, however, that the reasonableness of the period, in the constitutional sense, is to be judged by the hardship or lack of hardship disclosed under the facts of a particular case. Nor is the fact that, for a period, appellee was involuntarily deprived of access to the courts because of war, a controlling consideration. This would be just another way of saying that the period of limitation is tolled by war, a contention rejected in the recent Soriano case, supra.

The period of limitation set by Congress was until April 30, 1949, or until two years after vesting, with the provision that this period would be tolled by the pendency of any claim filed during that two-year period. In our view, this was a reasonable allowance of time, and there is no constitutional reason why it should not be applied according to its terms.

Since the instant suit was not filed within the period of limitation specified in § 33, the district court was without jurisdiction to entertain the suit. Accordingly, the judgment for appellee is

Reversed.

8. 1954, 2 U.S.Code Cong. & Ad.News p. 1999.

9. Id. at page 2005.

10. Regulations of the occupation authorities in Japan prohibited transmittal to the United States of "papers of legal procedure" until April 6, 1949. H.R.Rep. 1114, 83d Cong., 2d Sess. (1954), reported in 1954, 2 U.S.Code Cong. & Ad.News, pp. 1997, 1998.