Xenia GRABBE and Olga Gaydebouroff, Plaintiffs-Appellants,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, as successor to the Alien Property Custodian, Defendant-Appellee.

No. 339, Docket 24474.

United States Court of Appeals Second Circuit.

Argued April 12, 1957.

Decided July 30, 1957.

Feingold, Falussy & Gilbert, New York City (Alfred Feingold, New York City, of counsel), for plaintiffs-appellants.

Dallas S. Townsend, Asst. Atty. Gen., Leonard P. Moore, U. S. Atty., E. D. N. Y.; Margaret E. Millus, Asst. U. S. Atty., Brooklyn, John J. Pajak, George B. Searls, Irwin A. Seibel, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before MEDINA and WATERMAN, Circuit Judges, and LEIBELL, District Judge.

WATERMAN, Circuit Judge.

The appellants, Xenia Grabbe and Olga Gaydebouroff, appeal from an order granting defendant's motion to dismiss their complaint on the ground that the District Court lacked jurisdiction over the subject matter of the action. The opinion below is reported at, 1956, 140 F.Supp. 4.

Appellants sued to recover property vested by the Alien Property Custodian by a vesting order dated August 21, 1944, and filed with the Federal Register on September 1, 1944. See 9 Fed.Reg. 10790 (1944). The vested property comprised ten shares of capital stock of a New York corporation, bequeathed to the appellants under the will of one Katherine Johnson Ashe. The corporation was subsequently liquidated, and the proceeds of the ten vested shares, totaling slightly less than $15,000, were paid to the appellee, the

Attorney General of the United States. The complaint further alleged that at the time of vesting the appellants were stateless infants, aged fourteen and twelve respectively, and that they were not voluntarily residents of an enemy country within the meaning of the Trading with the Enemy Act, 50 U.S.C.A. Appendix, §§ 1–40.

On June 16, 1952, the appellants filed a notice of claim to the property in question with the Attorney General. This action was not instituted, however, until December 12, 1955. The District Court dismissed the complaint on the ground that the suit was barred by section 33 of the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 33,[1] the applicable statute of limitations.

 The appellants were legally admitted to this country in July 1950 and September 1951, respectively. They assert that they did not learn of the defendant's seizure of their legacies until sometime after their arrival. At the time the appellants first filed a claim with the Attorney General for the return of the seized property—June 16, 1952—they were barred by the then existing applicable statute of limitations from either filing a claim or from instituting a judicial action. However, on February 9, 1954, section 33 of the Trading with the Enemy Act was amended so as to extend the available period in which to file a claim, thereby rendering the plaintiffs' claim for administrative relief timely. But this 1954 amendment did not expressly confer upon claimants any new right to sue the United States, nor did it extend the time previously provided for bringing suits to recover vested property. Both before and after amendment, section 33 contained the following provision:

"No suit pursuant to section 9 [section 9 of this Appendix] may be instituted after April 30, 1949, or after the expiration of two years from the date of the seizure by or vesting in the Alien Property Custodian, as the case may be, of the property or interest in respect of which relief is sought, whichever is later, but in computing such two years there shall be excluded any period during which there was pending a suit or claim for return pursuant to section 9 or 32(a) hereof."

Since the property here in issue was vested in 1944, and since no suit or claim by the appellants was pending prior to 1952, it is clear from the express language of section 33 that a judicial remedy was no longer available to them in 1955. The appellants attempt to avoid the clear and unambiguous language of section 33 by citing the broad congressional purpose behind the 1954 amendment, which was designed to give many people an extended opportunity to recover property that had been vested by the United States. See H.Rep.No. 1114, 83d Cong. 2d Sess. (1954); S.Rep.No. 615, 83d Cong., 2d Sess. (1954). But their contentions, along with several other

1. That section provides:
 "No return may be made pursuant to section 9 or 32 [section 9 or 32 of this Appendix] unless notice of claim has been filed: (a) in the case of any property or interest acquired by the United States prior to December 18, 1941, by August 9, 1948; or (b) in the case of any property or interest acquired by the United States on or after December 18, 1941, not later than one year from February 9, 1954, or two years from the vesting of the property or interest in respect of which the claim is made, whichever is later; except that return may be made to successor organizations designated pursuant to section 32(h) of this Appendix if notice of claim is filed before the expiration of one year from August 23, 1954. No suit pursuant to section 9 [section 9 of this Appendix] may be instituted after April 30, 1949, or after the expiration of two years from the date of the seizure by or vesting in the Alien Property Custodian, as the case may be, of the property or interest in respect of which relief is sought, whichever is later, but in computing such two years there shall be excluded any period during which there was pending a suit or claim for return pursuant to section 9 or 32(a) hereof [section 9 or 32(a) of this Appendix]."

ingenious arguments, were recently rejected by the Court of Appeals for the Ninth Circuit in its able opinion in Brownell v. Nakashima, 9 Cir., 1957, 243 F.2d 787, where the plaintiffs also sought to escape the impact of section 33. See also Pedersen v. Brownell, D.C.Or.1955, 129 F.Supp. 952. Cf. Pass v. McGrath, 89 U.S.App.D.C. 371, 192 F.2d 415 certiorari denied, 1952, 342 U.S. 910, 72 S.Ct. 302, 96 L.Ed. 681; Cisatlantic Corp. v. Brownell, D.C.S.D.N.Y.1953, 131 F. Supp. 406, affirmed 2 Cir., 1955, 222 F.2d 957. We adopt the reasoning of the Nakashima decision.

Nor do we think that we should ignore the clear mandate of this statute because of an alleged inconsistency in the decision of Congress extending the time during which individuals may seek to recover their property by filing a claim for relief with the Attorney General, while leaving unchanged the period in which judicial relief might be sought in the federal courts. The varying considerations distinguishing administrative remedies from judicial remedies may well have been thought by Congress sufficient to warrant substantially different statutes of limitations governing these two separate courses to the recovery of vested property.

The appellants also argue that the general statutory limitation of six years for civil actions against the United States, embodied in 28 U.S.C.A. § 2401 (a), should apply to this suit, and that their right of action first accrued in 1954 at the time of the enactment of amended section 33. Even assuming, *arguendo,* that appellants' claim first arose in 1954, we cannot apply a general statute of limitations to a class of claims for which Congress has provided a specific statute fixing the time within which suit may be brought. Cf. United States v. A. S. Kreider Co., 1941, 313 U.S. 443, 447, 61 S.Ct. 1007, 85 L.Ed. 1447.

The personal hardship that may be involved here is not relevant to the question of statutory construction before us. To the contrary, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 1957, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306.

The plaintiffs' efforts to attack the constitutionality of section 33 do not warrant discussion. Again, for a complete answer, we advert to the reasoned opinion of our brethren of the Ninth Circuit in Brownell v. Nakashima, 9 Cir., 1957, 243 F.2d 787, 792.

Order affirmed.