**TERRY HAGGERTY TIRE CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 710–87T.

United States Claims Court.

April 7, 1989.

Jon R. Eggleston, Burlington, Vt., for plaintiff.

Alexandra E. Nicholaides, Washington, D.C., with whom was Acting Asst. Atty. Gen., James I.K. Knapp, for defendant.

## OPINION

MARGOLIS, Judge.

This tax case by Terry Haggerty Tire Co., Inc., was brought for the recovery of partially paid excise taxes. Plaintiff filed a motion for summary judgment alleging that it is not an "importer" of tires liable for excise taxes. Defendant filed a cross-motion for summary judgment contending that plaintiff is an "importer" under section 4071 of the Internal Revenue Code. After a careful review of the entire record, and after hearing oral argument, the defendant's cross-motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

## FACTS

Plaintiff, Terry Haggerty Tire Co., Inc., is a New York corporation in the business of selling, distributing, and retreading tires on both a wholesale and retail basis. In early 1984, representatives of Canada Tire Company (Canada Tire), a Canadian corporation, visited plaintiff at its place of business in Albany, New York to solicit sales of its tires. Due to an advantageous currency exchange rate at the time, plaintiff purchased tires from Canada Tire at very competitive prices. Thereafter, plaintiff purchased tires either upon the visit of a Canada Tire representative or by placing orders over the phone. Before placing the orders, plaintiff negotiated the price with Canada Tire. That price included, at least, the following costs—the cost of the tires, freight charges, brokerage fees, and customs duty. Plaintiff contends, and Canada Tire disputes, that the agreed on price included the payment of the excise taxes in question by Canada Tire.

After an order was placed, Canada Tire either shipped the tires from its warehouse in Canada, or arranged to release the tires it stored at a customs bonded warehouse. As a matter of convenience and efficiency, Canada Tire shipped tires to the U.S./Canadian border and arranged for a customs broker to hold the tires in a customs bonded warehouse in Essex Junction, Vermont. The tires were stored in this bonded warehouse, not yet having cleared through customs. Once there was a specific order, Canada Tire paid the customs duty and arranged for the broker to release the tires for shipment to the United States purchaser. This arrangement provided an efficient way for Canada Tire to serve its American customers.

Canada Tire did not have any business facilities in the United States. The tires were shipped to the plaintiff in New York, and the plaintiff had the right to refuse shipment if the goods were defective when

delivered. By late 1984, Canada Tire's prices were no longer competitive, and plaintiff ceased purchasing its tires.

The Internal Revenue Service (IRS) assessed excise taxes, penalties and interest against the plaintiff in the amount of $39,-524.41 for the tires purchased from Canada Tire during the year 1984. On May 12, 1987, plaintiff made partial payment of these taxes in the aggregate amount of $400 (a $100 check for each quarter). On the same day, plaintiff filed four Form 843 claims for refund at the Internal Revenue Center at Andover, Massachusetts. The IRS did not respond to plaintiff's claims for refund, and plaintiff filed a complaint in this court on November 19, 1987.

Plaintiff contends that Canada Tire is the "importer" of the tires and therefore liable for the excise taxes under section 4071 of the Internal Revenue Code. Accordingly, plaintiff seeks a refund of its $400, with interest and attorney's fees. The defendant asserts that plaintiff is the "importer" of the tires and is liable for the excise taxes. Accordingly, the defendant has filed a counterclaim urging the court to direct the plaintiff to pay the unpaid portion of the assessment in the amount of $39,124.41 plus interest.

## DISCUSSION

Section 4071(a) of the Internal Revenue Code imposes a tax on the sale by a manufacturer, producer, or importer of tires used on highway vehicles.[1] The Treasury Regulations on Manufacturers and Retailers Excise Tax, section 48.0–2(a)(4)(i), defines the term "importer." It states, in relevant part: "... An 'importer' of a taxable article is any person who brings such an article into the United States from a source outside the United States, or who withdraws such an article from a customs bonded warehouse for sale or use in the United States." 26 C.F.R. § 48.0–2(a)(4)(i). Plaintiff contends that it neither "brings"

the tires into the United States, nor does it "withdraw" them from a customs bonded warehouse. Instead, plaintiff contends that Canada Tire performs both these functions. Therefore, plaintiff argues that Canada Tire's operations make it the "importer" under the regulatory definition and that Canada Tire should be liable for the excise tax.

Plaintiff's reliance on the literal terms of the regulation, however, is far too simplistic and does not recognize the underlying commercial reality. Moreover, plaintiff overlooks the sentence immediately following the definition of "importer" in the Treasury Regulations. That sentence states:

If the nominal importer of a taxable article is not its beneficial owner (for example, the nominal importer is a customs broker engaged by the beneficial owner), the beneficial owner is the "importer" of the article for purposes of chapter 32 and is liable for tax on his sale or use of the article in the United States.

26 C.F.R. § 48.0–2(a)(4)(i).

The definition of a term frequently does not fully explore all the variations of a commercial transaction. The Treasury Regulations, however, fill in the gaps. Thus, although Canada Tire may physically "bring" articles into the United States, it is the importer only in name, i.e., the nominal importer. Canada Tire does not "import" the goods into the United States and then attempt to sell them. On the contrary, it brings the tires into the United States only when there is an interested domestic company ready to purchase the tires for the purpose of sale in this country. Accordingly, as the beneficial owner of the tires, plaintiff is the "importer" for purposes of taxation.

Plaintiff also contends that Canada Tire should be found to be the "importer" liable for the excise taxes because it shipped tires to a customs bonded warehouse in Essex

---

1. Section 4071 of the Internal Revenue Code provides, in relevant part:

    (a) *Imposition and rate of tax.*—There is hereby imposed upon the following articles, ... sold by the manufacturer, producer, or importer, a tax at the following rates:

    (1) Tires of the type used on highway vehicles....

    26 U.S.C. § 4071(a)(1).

Junction, Vermont without having an order for the tires from a domestic company. Moreover, plaintiff reasons, Canada Tire was the entity that physically removed the tires from the warehouse. The court notes, however, that although Canada Tire's goods were physically inside the United States, in a legal sense the tires were not treated as being within the United States because the customs duty had not yet been tendered. The tires were only "brought" into the United States (*i.e.*, withdrawn from the customs bonded warehouse) upon plaintiff's order.

In *Handley Motor Company, Inc. v. United States*, 168 Ct.Cl. 92, 338 F.2d 361 (1964), a domestic retail automobile dealer purchased foreign automobiles through an agent/broker in New York. In determining whether the plaintiff or the broker was the "importer," the Court of Claims found that "[a] determination of who is the 'importer' does not in the first instance turn on the law of sales.... [T]he 'importer' is the first purchaser resident [2] in the United States who arranges (as principal and not as an agent) for the goods to be brought into the United States." *Id.* 168 Ct.Cl. at 98, 338 F.2d at 364.

In *Import Wholesalers Corporation v. United States*, 177 Ct.Cl. 493, 368 F.2d 577 (1966), the Court of Claims relied on the *Handley* decision and stated that "the essence of the *Handley* ruling seems to be that the determination of who is the 'importer' ... turn[s] ... on the realities as to who arranges as principal and not as agent for the articles to be imported into the United States." *Id.* 177 Ct.Cl. at 504–05, 368 F.2d at 583.

In recognition of these cases, the IRS issued Revenue Ruling 67–209 which states:

> ... [I]t is necessary to look through the form to the *substance* of the transaction to determine whether the nominal im-

porter actually functions as a typical import merchant, or merely serves in a representative capacity, charged only with the responsibility for bringing the goods into the commerce of' the United States, after a sale contract has been negotiated independently by the principals involved.

Rev.Rul. 67–209, 1967–1 C.B. 297, 299 (emphasis added).

Both *Handley* and *Import Wholesalers* involved a third party/broker engaged to assist in the transaction of bringing articles (in these cases—automobiles) into the United States. However, the Revenue Ruling indicates that a party acting with only the responsibility of bringing the goods into the United States should be treated as a nominal importer, where such transport follows a negotiated sales contract. Although the present case does not involve a broker, the essence of the transaction is that there has been a negotiated contract for the tires, and Canada Tire simply brings the goods into the United States for the benefit of the plaintiff. In other words, Canada Tire, by analogy, assumes a role similar to a broker.

Revenue Ruling 68–197, 1968–1 C.B. 455, contemplates a situation very similar to the present case. The ruling states that:

> [A]n 'importer', ... is the person who as principal and not as agent arranges for, *or is the inducing and efficient cause of,* the goods being brought into the United States *for purposes of sale or use by him.* Whether title to the merchandise passes to such person at time of shipment or only after its arrival in the United States is not controlling in this determination.

*Id.* at 456 (emphasis added). Plaintiff here induced and caused the tires to be brought into the United States. Canada Tire would not have transported the goods into the United States or withdrawn them from the

---

**2.** Plaintiff also argues that under the United States—Canada Income Tax Treaty, United States—Canada Income Tax Convention (Sept. 26, 1980) 1986–2 C.B. 258, Canada Tire is the "first purchaser resident" under *Handley* because it has a "permanent establishment" in the United States as defined in the Treaty. 1986–2

C.B. at 259. The court finds this argument unpersuasive. The Treaty addresses reciprocal taxation of *income* between persons in Canada and in the United States. The Treaty does not address excise taxes based on the importation of tires.

customs bonded warehouse without an order from the plaintiff. Thus, plaintiff's placing of an order with Canada Tire *caused* Canada Tire to bring the tires into the United States.

### CONCLUSION

In light of the pertinent Internal Revenue Code provisions, regulations, revenue rulings, and case law, the court has determined that the plaintiff is the "importer" of the tires liable for the assessed excise taxes. To the extent that the plaintiff claims that Canada Tire represented or otherwise agreed that Canada Tire would be liable for the tax, plaintiff's remedy is against Canada Tire, not the United States. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment on its counterclaim is granted. The Clerk will dismiss the complaint and enter judgment against the plaintiff in favor of the defendant for $39,124.41 plus interest.