**TERRY HAGGERTY TIRE CO., INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

No. 89–1499.

United States Court of Appeals, Federal Circuit.

April 4, 1990.

Rehearing Denied May 1, 1990.

Suggestion for Rehearing In Banc Declined May 11, 1990.

Jon R. Eggleston, Miller, Eggleston & Rosenberg, Ltd., Burlington, Vt., argued for plaintiff-appellant.

Kevin M. Brown, Tax Div., Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, and David English Carmack.

Before NEWMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge.

Terry Haggerty Tire Co., Inc. (Haggerty) appeals from the summary judgment of the United States Claims Court, 16 Cl.Ct. 620 (1989), holding that Haggerty was the "importer" of certain tires from Canada and was therefore subject to excise tax under Section 4071 of the Internal Revenue Code of 1954, as amended. 26 U.S.C. § 4071 (1988). We affirm.

I

Haggerty is a New York corporation engaged in the business of selling, distributing and retreading tires on both a wholesale and retail basis. Canada Tire Company (Canada Tire) is a Canadian corporation with no business facilities in the United States.

Early in 1984, representatives of Canada Tire visited Haggerty at its place of business in Albany, New York to solicit orders for its tires. Haggerty purchased tires from Canada Tire on that occasion and later purchased additional tires when visited by a Canada Tire representative or by placing orders over the telephone. Haggerty was aware that it was making a purchase directly from the Canadian manufacturer. At the time of placing its orders, Haggerty negotiated the price with Canada

Tire which included, *inter alia,* the cost of the tires, freight charges, brokerage fees, and customs duty. The parties dispute whether the agreed price included the payment of the excise taxes in question.

The tires purchased by Haggerty were shipped by Canada Tire, using Canada Tire's own vehicles, either directly from Canada Tire's warehouse in Canada or from a customs bonded warehouse in Essex Junction, Vermont, where Canada Tire had arranged to store tires not yet cleared through customs.[1] Upon receipt of a specific order, Canada Tire arranged for the tires, whether shipped from its warehouse or withdrawn from the customs bonded warehouse, to pass through U.S. Customs and paid the customs duty assessed on the goods.

The Internal Revenue Service (IRS) assessed excise taxes, penalties and interest against Haggerty in the amount of $39,-524.41 for the tires purchased from Canada Tire during the year 1984. Haggerty made partial payment in the aggregate amount of $400 ($100 for each quarter of 1984) and simultaneously filed four claims for refund on Forms 843 at the Internal Revenue Center at Andover, Massachusetts. When the IRS failed to act on Haggerty's claims for refund within six months, *see* 26 U.S.C. § 7422 (1988), Haggerty filed suit in the Claims Court on November 19, 1987 for refund of the amounts paid. The United States counterclaimed for the balance of the excise tax assessment. On cross motions for summary judgment, Haggerty's complaint was dismissed by the Claims Court and the United States' counterclaim was allowed.

## II

Section 4071 of the Internal Revenue Code imposes a tax "on tires of the type used on highway vehicles ... sold by the manufacturer, producer, or *importer*." 26 U.S.C. § 4071(a) (1988) (emphasis supplied).

Treasury Regulation section 48.0–2(a)(4)(i) defines an importer as follows:

> An "importer" of a taxable article is any person who brings such an article into the United States from a source outside the United States, or who withdraws such an article from a customs bonded warehouse for sale or use in the United States. If the nominal importer of a taxable article is not its beneficial owner (for example, the nominal importer is a customs broker engaged by the beneficial owner), the beneficial owner is the "importer" of the article for purposes of chapter 32 and is liable for tax on his sale or use of the article in the United States.

Treas.Reg. § 48.0–2(a)(4)(i) (1989).

In granting the United States' motion for summary judgment, the court explained that Canada Tire brings tires into the United States only when there is an interested domestic company ready to purchase the tires for the purpose of sale in this country:

> Plaintiff here induced and caused the tires to be brought into the United States. Canada Tire would not have transported the goods into the United States or withdrawn them from the customs bonded warehouse without an order from the plaintiff. Thus, plaintiff's placing of an order with Canada Tire *caused* Canada Tire to bring the tires into the United States. (Emphasis in original.)

16 Cl.Ct. at 622–23.

The decision of the Claims Court is consistent with the precedent of the Court of Claims, one of this court's predecessors. According to the Court of Claims, "the determination of who is the 'importer' under the pertinent statute does not turn on technical rules such as the law of sales," but depends on who is "the inducing and efficient cause of the importation of the pertinent [goods]," *Import Wholesalers Corp. v. United States,* 177 Ct.Cl. 493, 368 F.2d 577, 583, 585 (1966). Also, as noted in *Handley Motor Co. v. United States,* 338

---

**1.** With regard to the customs bonded warehouse, the Claims Court noted that "although Canada Tire's goods were physically inside the United States, in a legal sense the tires were not treated as being within the United States because the customs duty had not yet been tendered." 16 Cl.Ct. at 622.

F.2d 361, 168 Ct.Cl. 92 (1964), the definition of importer does not turn on the place of sale, as that would in many instances place the tax on a person or corporation who is resident in a foreign country and who, as a practical matter, would be inaccessible to collection procedures. 338 F.2d at 364.

Moreover, the Claims Court's decision corresponds to the administrative position of the IRS.[2] On facts analogous to the present case, the IRS ruled, relying on the *Handley* and *Import Wholesalers* decisions, that a foreign corporation which delivers articles to a United States buyer at the buyer's United States business facilities is not the importer for purposes of the excise tax:

> [A]n 'importer', ... is the person who ... is the inducing and efficient cause of, the goods being brought into the United States for purposes of sale or use by him. Whether title to the merchandise passes to such person at time of shipment or only after its arrival in the United States is not controlling in this determination.

Rev.Rul. 68–197, 1968–1 C.B. 455, 456.

In view of the above cases and rulings, we conclude that Haggerty must be regarded as the "importer" of the tires in question for the purposes of 26 U.S.C. § 4071 (1988). Canada Tire, which had no business facilities in the United States,[3] simply shipped tires from Canada or from a customs bonded warehouse to Haggerty on the latter's specific order. Haggerty, on the other hand, was the inducing cause of the tires being brought into the United States and agreed to pay the relevant freight charges, brokerage fees, and customs duty as part of the purchase price of the tires. For purposes of the subject excise tax, Haggerty was the "importer."

AFFIRMED.

2. It has been recognized that for tax purposes the substance rather than the form of a transaction is generally controlling. *Gregory v. Helvering,* 293 U.S. 465, 470, 55 S.Ct. 266, 268, 79 L.Ed. 596 (1935).

3. We have not been directed to any case or ruling in which a nonresident foreign corporation has been held to be the "importer." Although the Claims Court found that Canada Tire

PAULINE NEWMAN, Circuit Judge, dissenting.

I respectfully dissent from the court's affirmation of the summary judgment that Terry Haggerty Tire Co. was the "importer" of certain tires into the United States. In determining who, as between Terry Haggerty and Canada Tire, was the importer for the purpose of excise tax liability, the Claims Court resolved disputed material facts against the non-movant. I believe that the Claims Court erred not only procedurally, but also in its conclusion that Canada Tire's role in bringing the tires into the United States was simply as a broker or agent of Terry Haggerty.

## DISCUSSION

The applicable definition of "importer" appears in Treasury Regulation Section 48.-0–2(a)(4)(i):

> An "importer" of a taxable article is any person who brings such an article into the United States from a source outside the United States, or who withdraws such an article from a customs bonded warehouse for sale or use in the United States.

26 C.F.R. § 48.0–2(a)(4)(i).

Canada Tire, not Terry Haggerty, physically brought the tires into the United States, processed them through customs, retained a customs broker, paid the customs duties, placed the tires into and withdrew them from a United States customs bonded warehouse in Vermont, and delivered the tires in its own trucks. Terry Haggerty did not know when and what shipments were entered; it simply received delivery at its place of business in Albany, New York, retaining the right to refuse

had no business facilities in the United States, Haggerty argues that Canada Tire's activities would be sufficient to satisfy the requirements of a "permanent establishment" in the United States. As the Claims Court correctly noted, this argument is grounded on the United States–Canada Income Tax Convention, *see* 1986–2 C.B. 358, which relates to the reciprocal taxation of *income,* and does not cover excise taxes.

shipments if the goods were defective when delivered.

Canada Tire's representatives regularly solicited orders in the United States, although there appears to be a conflict in the affidavits as to the frequency of such solicitation. However, it is undisputed that none of the importation procedures was the responsibility of or in the control of Terry Haggerty.

It is apparent that Canada Tire was more than a simple non-resident foreign exporter to the United States. The Claims Court resolved the issue arising out of Canada Tire's presence and activities in the United States by holding that Canada Tire was an agent or broker for Terry Haggerty, invoking the following sentence of the above Treasury Regulation:

> If the nominal importer of a taxable article is not its beneficial owner (for example, the nominal importer is a customs broker engaged by the beneficial owner), the beneficial owner is the "importer" of the article for purposes of chapter 32 and is liable for tax on his sale or use of the article in the United States.

26 C.F.R. § 48.0–2(a)(4)(i).

The Claims Court stated that "Canada Tire simply brings the goods into the United States for the benefit of the plaintiff. In other words, Canada Tire, by analogy, assumes a role similar to a broker." This is plain error. By no strain of agency law was Canada Tire a broker or agent engaged by Terry Haggerty. Indeed, Canada Tire itself engaged a customs broker. The cited Treasury Regulation does not mean that simply purchasing goods of foreign origin makes the purchaser an importer:

> [T]he determination of who is the "importer" under the pertinent statute does not turn on technical rules such as the law of sales, but rather on the realities as to who arranges as principal and not as agent for the articles to be imported into the United States.

*Import Wholesalers Corp. v. United States*, 368 F.2d 577, 583, 177 Ct.Cl. 493 (1966).

The determination of who is the importer turns on the facts of the particular case, which on summary judgment must be construed favorably to the non-movant. In *Handley Motor Co. v. United States*, 338 F.2d 361, 168 Ct.Cl. 92 (1964), the court held that Handley Motor was the importer, as against the intermediary Amerifact, based on the following facts:

> The facts in this case, when reviewed in their entirety, are consistent with the trial commissioner's finding to the effect that Amerifact acted as a broker or finder for plaintiff. [The financing agent's] letter of December 1, 1958, made specific references to a purchase commission [to Amerifact] and required that commercial invoices be issued by a German automobile dealer in the name of plaintiff. Plaintiff paid all the freight charges and customs duties; the shipping and transfer documents listed plaintiff and not Amerifact as the purchaser or consignee; Amerifact was not an established automobile dealer. Plaintiff received the automobiles directly from the European seller and made all the arrangements required for their receipt and delivery to its place of business. The evidence does not establish that Amerifact was to enter into the chain of title. [footnote omitted]

*Id.* 338 F.2d at 364.

Many of the facts by which Handley Motor was deemed the importer apply analogously to Canada Tire if, as Terry Haggerty states, Canada Tire paid all freight charges and customs duties, received and controlled the tires in the United States, made all arrangements for their delivery, delivered the tires in its own trucks, and acted as principal in the importation rather than as Terry Haggerty's agent. Other pertinent facts require resolution.

Although the passage of title and risk of loss is not of itself dispositive as to who is the "importer", these facts may elucidate a close question. *Sony Corp. of Am. v. United States*, 428 F.2d 1258, 1265, 192 Ct.Cl. 822 (1970) (passage of title and risk of loss relevant in determining which of two resident entities is the importer, citing *Handley Motor*). Terry Haggerty states that Canada Tire retained title and control

of the goods through the entire importation and delivery processes. These facts are material, and should be found, and considered, in the determination of who is the importer.

Terry Haggerty argues that under the United States–Canada Income Tax Treaty, Canada Tire was the "first purchaser resident" under *Handley Motor* because it had a permanent establishment in the United States as defined in the Treaty. United States–Canada Income Tax Convention (Sept. 26, 1980) 1986–2 Cum. Bull. 258, 259. The term "permanent establishment", as defined in Section 3(f) of the protocol then in effect, states:

> When an enterprise of one of the contracting States carries on business in the other contracting State through an employee or agent established there, who has general authority to contract for his employer or principal or has a stock of merchandise from which he regularly fills orders which he receives, such enterprise shall be deemed to have a permanent establishment in the latter State.

*See* Rev.Rul. 77–45, 1977–1 Cum. Bull. 413, 413. This too is relevant to the actual status of Canada Tire for, as all parties agree, the status of importer turns "on the realities as to who arranges as principal and not as agent for the articles to be imported into the United States." *Import Wholesalers*, 368 F.2d at 583; *Handley Motor*, 338 F.2d at 364. Unlike the exporter in *Handley Motor*, Canada Tire would not be "inaccessible to collection procedures". 338 F.2d at 364. The status of Canada Tire under the treaty is material to the determination of Canada Tire's role as importer, and should not have been ignored. As in *Corex Corp. v. United States*, 524 F.2d 1017, 1020 (9th Cir.), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1975), the trial court did not find the facts and weigh all the factors.

The government cites Revenue Ruling 68–197, 1968–1 Cum. Bull. 455, wherein a nonresident foreign exporter arranged for and incurred the costs of importation, and the parties agreed that title would not pass until delivery. The domestic company was deemed to be the importer. The Ruling stated:

> Revenue Ruling 56–409, C.B. 1956–2, 796, holds that the person who withdraws taxable articles from a customs bonded warehouse for sale or use in the United States is the "importer" for purposes of the manufacturers excise taxes. That Revenue Ruling contemplates a person acting in his own right who withdraws such articles for his own sale or use. Thus, an "importer", within the meaning of Chapter 32 of the Code, is the person who *as principal and not as agent arranges for, or is the inducing and efficient cause of,* the goods being brought into the United States for purposes of sale or use by him. Whether title to the merchandise passes to such person at time of shipment or only after its arrival in the United States is not controlling in this determination.

Rev.Rul. 68–197 at 456 (emphasis added) (citations omitted). Although the Claims Court stated that this Revenue Ruling "contemplates a situation very similar to the present case," there is a key difference. In the Revenue Ruling it was premised that the foreign company was not engaged in selling articles in the United States, *id.* at 456, whereas there was evidence that Canada Tire was engaged in selling tires in the United States and that Canada Tire had a "permanent establishment" in the United States for income tax purposes. These issues should not have been found adversely to Terry Haggerty on summary judgment.

For these reasons I would vacate the grant of summary judgment and remand for finding of the pertinent facts and for determination, in light of all the circumstances and the applicable law, as to who was the importer.